GRANVILLE M. STICKNEY, Sheriff, &c., Appellant, vs. DAVID BRONSON, JR., Respondent.

#### APPEAL FROM THE DISTRICT COURT OF WASHINGTON COUNTY.

In an action against a Sheriff for the value of certain goods alleged to have been wrongfully taken, &c., Defendant justified the taking under execution; it appeared that at the time the Sheriff took the property, one of the Defendants in the execution called off the goods, and the Plaintiff and Defendant each made a memorandum from such calling of the several articles, and of their cost in New York. On the trial the Plaintiff testified to this fact, and then offered, in connection with his own testimony, the memorandum which he had made, as evidence of the number and value of the items. The same witness was also asked what was the value of the goods here at the time they were taken by Defendant, with reference to the prices fixed by the memorandum. He then stated what the goods were worth—but on cross examination admitted that he had no other means of knowledge of the number of the articles, or their cost, except as they were called off by one of the execution Defendants; that he had no personal knowledge of the cost prices in New York, except what they told him, and did not know whether the number or cost prices were called off correctly or not. The other execution Defendant testified that in his judgment the cost mark was put down opposite the items in the memorandum, that he knew the cost of the goods in New York, but admitted that he had nothing to do with making the memorandum. *Held*, that the accuracy of the memorandum was not certified to sufficiently to warrant its being received in evidence, either as independent evidence from which the jury were to arrive at the cost of the goods, or in aid of the oral testimony of the witness. It could only be admitted as auxiliary to the testimony of the person making it, and he must then have been unable to speak from memory, without the aid of the paper.

Where the errors complained of only affect a part of the verdict, and the successful party will enter a remittitur for the amount of the excess over what he was justly entitled to recover, he will not be driven to a new trial of the issues found in his favor.

## Points and authorities of Appellant:

*First.*—The District Court erred in admitting the memorandum made by the Plaintiff in evidence, for any purpose whatever, and overruling the objections made by Defendant's counsel. The memorandum was not properly verified. It was not made from the actual knowledge of the witness. It was hearsay both as to the amount and value of the goods taken and was no evidence, either as auxiliary or independent, of the amount or value of the goods taken, and the objections taken to the admission of the testimony on the trial were well taken. *Folio 46, &c.*

1. A memorandum is never admitted in evidence to establish the existence of facts, unless it be first made to appear

that the witness is unable, without the aid of the memorandum, to speak from memory as to the facts. *Halsey vs. Sinseburgh,* 15 *New York Rep.* 4 85 ; *Russell vs. Hudson R. R. Co.* 17 *N. Y. R.* 240 ; *Butler vs. Benson,* 1 *Barb.* 535. In England this is the rule of evidence, also in New York. 1 *Phil. Ev.* 289 *and cases there cited ;* 1 *Stark. Ev.* 129 ; *Cow. and Hill's Notes* 551–2, 750 ; *Fulton vs. Heath,* 11 *Wend.* 477.

There is a class of cases where the memorandum itself may be good secondary evidence, as original entries made in the usual course of business where the witness swears he made them and intended to make them correctly and believes them true. *Merrill vs. Ithica and Oswego R. R. Co.* 16 *Wend.* 582; *Van Dyne vs. Thayer,* 19 *Id.* 162 ; *Bank of Commerce vs. Culver* 2 *Hill* 531.

" But this does not extend to memoranda made by a witness for his own convenience, and for the mere purpose of aiding his recollection." *Lawrence vs. Butler,* 5 *Wend.* 301 . " In such cases the general rule obtains." By the Court in *Butler vs. Benson,* 1 *Barb.* 535, *cited ante. Also Green vs. Brown,* 3 *Barb.* 123.

2. In some cases a witness is permitted to refresh his memory by the use of a written memorandum. 1 *Green, Section* 436, 7.

But in every case where a memorandum is relied upon either to refresh the memory of the witness or as auxiliary proof, it must appear that it was made at or about the time of the transaction to which it relates, by one having knowledge of the facts therein stated; that at the time it was made, the party making it intended to make it and knew it to be correct. *Huff vs. Burnett,* 2 *Selden* 337, *and cases there cited; Kent vs. Garvin,* 1 *Gray (Mass.)* 148 ; *Stiles et. al. vs. Haven et. al.* 21 *Conn.* 506 ; *Webster vs. Clark,* 10 *Foster (N. H.)* 245 ; *Eastman vs Martin,* 19 *N. H.* 152 ; *Brewster vs. Doane,* 2 *Hill* 537.

As establishing the rule in relation to this kind of evidence the following additional authorities are cited. *Lewis vs. Kramer,* 3 *Ind.* 265 ; *Williams vs. Kelsey,* 6 *Geo.* 365 ; *Clough vs Little,* 3 *Rich.* 353 ; *Head vs. Hammell,* 3 *Burr,* 414 ;

*Schermerhorn vs. Schermerhorn,* 1 *Wend.* 119; *Mooers vs. Bunker,* 9 *Foster,* 420; *Putnam vs. Goodall,* 11 *Foster* 419; *Eastman vs. Moulton,* 3 *N. H.* 156; *Haven vs. Wendell,* 11 *N. H.* 112; *Watson vs. Walker,* 3 *Foster* 471; *Newell vs. Roberts,* 13 *Conn.* 63; *Smith vs. Vincent,* 15 *Conn.* 1; *Ressler vs. McConacky,* 1 *Rawle,* 441; *McCoy vs. Lightner,* 2 *Watts* 350, 1.

*Second.*—The value of the goods in the City of New York and the prices paid or agreed to be paid for them was no proper evidence of the value of the goods at Stillwater, and the Court erred in admitting such evidence upon the trial for that purpose.

*Third.*—The Court below erred in admitting the testimony of the witness Robert W. Peckham, as to the value of the goods at Stillwater, October 26, 1859, with reference to the cost price or mark in the memorandum, and in overruling the objections taken by Defendant's counsel taken thereto, to wit:

1. As not competent evidence of the value of the goods at Stillwater.

2. As incompetent to show value.

Points and Authorities of Respondent.

*First.*—The Court below committed no error in the reception of the memorandum referred to in Appellant's *Points No.* 1.

A book has been written and printed by one of the counsel for the Appellant and a very startling array of authorities are now offered here in support of proposition No. 1, all proceeding upon a *fundamental misunderstanding* of the purpose for which the memorandum was offered and received. The objection at *Nisi Prius* and the argument here are wide as the antipodes from any point in this case.

The counsel start out with three propositions under this head.

1st. A memorandum is never admitted in evidence to establish the existence of facts unless it is first made to appear,

that the witness is unable with the aid of the momorandum to speak from memory as to the facts.

2d.    Memoranda are themselves sometimes good secondary evidence, as original entries made in the usual course of business, when the witness swears he made them, and believes them true, but this is not such a case.

3d.    That memoranda may be used by a witness to refresh his memory, but in no case can this be done unless it was made about the time the fact transpired and the witness verifies and knows its correctness.

Authorities incompetent of censure are cited in support of these propositions, while so far as this case is concerned we are willing to be good law.   How do they apply here?  *This memorandum was not offered in evidence as independent matter.   It was not offered as secondary evidence.   It was not offered or used to refresh the memory of the witness.*   It was offered and received *in connection with the evidence of the witness* as the case at this point and throughout shows, to establish a *standard* upon which to predicate testimony of value.   The witness says he was selling the goods with reference to the cost mark indicated on the paper, and he was next asked what the goods were worth with reference to the price there fixed.   It is possible an objection might have been interposed which would have excluded this form or manner of interrogation.   The exhibition of the memorandum and interrogation of the witness as to value with reference thereto may have been leading in its nature, but no such objection was made and therefore cannot be, as it is not, urged in this Court.

CURTIS & HOUSTON, Counsel for Appellant.

JOHN B. BRISBIN, Counsel for Respondent.

*By the Court.*—EMMETT, C. J.—This was an action to recover the value of certain goods alleged to have been wrongfully taken and detained by the Defendant, together with damages.   The value was alleged at $2568, and the damages

at $1000. The Defendant justified the taking, under an execution in his hands, as a Sheriff of the County, against the property of Peckham Brothers, who, he avers, were the owners of the property, at the time it was taken. He denies any damage and alleges that the property was not worth more than the sum of $1,500. He also avers that the sale from Peckham Brothers to the Plaintiff, was made with the intent to hinder and delay creditors, and sets forth certain facts tending to show the alleged fraud. The reply puts in issue the allegations of fraud. The case was tried upon the question of fraud, and the value of the goods, and the jury found a verdict for the Plaintiff in the sum of $2035. The Defendant moved for a new trial, which being denied, he then appealed to this Court from the order refusing to grant the new trial.

The verdict of the jury, sustained as it is by the weight of evidence, is conclusive upon the Defendant, as to the question of fraud, and the ownership of the property; and we have only to inquire whether the evidence will justify a verdict for the amount of that rendered.

There does not appear to have been any evidence of damage beyond the value of the property taken, and we must therefore confine our inquiries to the evidence offered touching the value of the goods in controversy.

It appears that at the time the Defendant took the property, which was a stock of goods, E. W. Peckham, one of the Defendants in the execution, on which they were taken, called off the goods, and the Plaintiff and the Defendant each made a memorandum from such calling, of the several articles, and of their cost in the city of New York. On the trial the Plaintiff testified to this fact, and then offered, in connection with his own testimony the memorandum which he had made as evidence of the number and value of the items. To this the defendant objected, unless the correctness of the memorandum was first established by the testimony of the person who called off the items and the cost, contending that the memorandum was not the best evidence—that it was incompetent, and that the cost of the goods in New York, was no

evidence of their value here. The objection was overruled by the Court—the memorandum admitted, and thereupon the Defendant excepted. The aggregate value according to the memorandum was $2,019,03.

The witness, the Plaintiff, was then asked what was the value of the goods here, at the time they were taken by the Defendant, with reference to the prices fixed in the memorandum. The Defendant again objected as before, the objection overruled, and an exception taken. The witness then stated, in answer to the question—that the goods were worth all of twenty per cent more here, at that time—that they were worth in gross between $2400,00 and $2500,00. On the cross examination, however, he admitted that he had no other means of knowledge of the number of the articles, or their cost, except as called off by Peckham. That he had no personal knowledge of the cost prices in New York, except what they told him, and that he did not know whether Peckham called off the number or cost prices correctly.

Robert W. Peckham also was examined as a witness, and stated, Defendant objecting, that in his judgment the cost mark was put down opposite to the items in the memorandum and that the goods would sell at retail for more than forty per cent over the cost prices. He admitted however that he had nothing to do with making the memorandum, but said he knew the cost of the goods in New York, and believed the memorandum to be correct. This was all the evidence offered by the plaintiff in reference to value.

It will be seen by this statement of the evidence, that the value of the goods here, was estimated or predicated upon their cost in the city of New York, and that the cost in New York was arrived at mainly, if not wholly from a memorandum, which neither of the witnesses could swear to be correct.

The Plaintiff endeavors to break the force of the objections urged against admitting the memorandum, under such circumstances, and against such testimony as that detailed above, by insisting that the memorandum was not offered as independent evidence, but in connection with the testimony

of the witness. That he had the right to fix, or even suggest any standard of value, and then to ask the witness the value, with reference to this standard—and that although such a course might have been leading, yet as it was not objected to on that ground, it would not avail the Defendant now.

The positions here assumed by the Plaintiff would have had more force, had the memorandum been referred to simply as a standard of value, leaving the witness to state how much more or less the articles were worth, than stated on the memorandum ; but the objection is that the memorandum was admitted as evidence in the case, and whatever may have been the object or theory of the offer, it was received and relied upon as evidence of what the goods had cost in the city of New York, and the witness estimated the value solely upon the original cost as thus established. The memorandum, even if it had been made by one having personal knowledge of the facts therein stated (which was by no means the case here,) could only be admitted as auxiliary to the testimony of the person making it, and not as a substitute for such testimony, and its accuracy must first have been duly certified to, by him who made it, and he must then have been unable to speak from memory without the aid of the paper. Here, however, the witness could testify only to his having made a correct note of the prices as stated by another person, but as to whether that person stated them correctly, he could not, nor did he pretend to know. It was impossible to establish the correctness of the memorandum without the aid of the testimony of the person who examined and called off the prices as they were taken down.

We are of opinion that the accuracy of the memorandum was not certified to sufficiently to warrant its being received even in aid of the oral testimony of the witness, much less as independent evidence from which the jury were to arrive at the cost of the goods in New York, a fact necessary to be determined before they could, from the testimony offered, arrive at the value of the property here ; for, as before remarked, the witnesses predicated their estimates upon the original cost, stating in substance and effect, that the several articles were

27

worth at the place of taking, a certain per cent over the cost, and assuming that the cost was correctly set down in the memorandum. The testimony of these witnesses fix no value except in reference to the original cost of the goods; and there is no evidence of the original cost aside from the memorandum.

This error is not however necessarily fatal to the whole verdict. The defendant admitted in his answer that he took the goods described in the complaint, and that they were worth the sum of $1500; and as the jury found for the Plaintiff on the question of title, he was on that finding entitled to a verdict against the Defendant for the admitted value of the property at all events. The Defendant could not therefore be prejudiced by the error committed, except in so far as the verdict of the jury exceeds in amount the value of the property as thus admitted. The injury may in fact be for less than this excess, but certainly cannot exceed it. And as this prejudice may be entirely removed by a remittitur, we will give to the Plaintiff the opportunity to corect the error without driving him to another trial of the issues found in his favor.

To this end we will reverse the order appealed from, and grant a new trial, unless the Plaintiff enter in the District Court a remittitur of so much of the verdict, as exceeds the value of the goods as admitted by the answer, and interest thereon from the time of the taking complained of to the recording of the verdict.