## CURRY v. THE DISTRICT TOWNSHIP OF SIOUX CITY.

1  Evidence: BOND OF SCHOOL DISTRICT: SIGNATURE NOT DENIED UNDER OATH. Where the action was upon a bond purporting to have been issued by a school district, and the signature of the secretary of the district upon the bond was shown to be genuine, and the answer, though denying specifically the allegations of the petition, was not under oath; *held* that there was no error in admitting the bond in evidence.

2.  School District: IS MUNICIPAL CORPORATION, AND MAY ISSUE BONDS AS SUCH. A school district is properly called a municipal corporation, according to the modern use of that term; and, as such, it may obligate itself by bonds issued under the provisions of chapter 93 of the acts of the Fourteenth General Assembly.

*Appeal from Woodbury District Court.*

FRIDAY, OCTOBER 19.

ACTION upon a bond for the payment of one thousand dollars, purporting to be issued by the defendant in satisfaction of a judgment against it. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

*O. C. Tredway*, for appellant.

*L. S. Fawcett*, for appellee.

ROTHROCK, J.—The defendant by its answer denied specifically nearly every allegation of the petition. Among other

**1. EVIDENCE: bond of school district: signature not denied under oath.** defenses, it was denied that the bond was made and issued by the defendant. The answer was not under oath. The plaintiff introduced evidence, from which it appears that there were certain judgments against the defendant, and the bond recites that it was issued in satisfaction of a judgment. The signature of the secretary of the district township to the bond was shown to be genuine, and, as the bond is a written instrument for the payment of money, and the answer is not under oath, we think there was no error in admitting the bond in evidence. We make these statements in answer to certain objections made by defendant to rulings of the court pending the trial. We think none of the objections were well taken, and the contention between the parties upon the trial as to whether the plaintiff is a *bona fide* holder of the bond, and whether or not the defendant paid the interest on the bond until it became due, are wholly immaterial in the view we take of the case. The only material question in the case is, whether the defendant was authorized by law to issue the bond. It pur-

**2. SCHOOL district: is municipal corporation, and may issue bonds as such.** ports upon its face to be issued under the provisions of chapter 87 of the Acts of the Fourteenth General Assembly. That act contains the following provisions:

"In case no property of a municipal corporation against which an execution has issued is found upon which to levy, or if the judgment creditor elect not to issue execution against such corporation, he is entitled to demand and receive of such debtor corporation the amount of his judgment and costs, either in the ordinary evidences of indebtedness issued by such corporation, or in bonds of such corporation, of such character as the parties may agree upon, and if the debtor issues no script, bonds, or other evidences of debt, a tax must be levied as early as practicable, sufficient to pay off the judgment, with interest and costs, and when a tax has been so levied,

and the same, or any part thereof, has been collected, the treasurer shall, on demand, without an order from the board of supervisors, or warrant from the clerk thereof, pay the same to the creditor, or his attorney, taking a receipt therefor, and, if not demanded, may pay the same to the clerk of the court where the judgment was rendered, taking his receipt therefor, and if bonds shall be issued in payment of judgments as above provided, said bonds shall be issued in substantially the same form as is provided in chapter 54 of the Acts of the Thirteenth General Assembly of the State of Iowa, entitled 'An act to provide for the funding of county indebtedness, and for the payment thereof,' and said bonds shall draw interest at a rate not to exceed 10 per cent., and both principal and interest shall be and become due and shall be payable in the same time and manner as provided for in said chapter, and if not paid when due, the same may be deposited with the auditor of state, who shall take the same steps for the payment of said bonds, with the interest thereon, as is provided in said chapter 54 aforesaid."

The bond is in substantially the same form as provided in chapter 54 of the Acts of the Thirteenth General Assembly. Whether or not the provision of said last named act, authorizing the deposit of bonds with the state auditor, and the levy of a tax in the manner therein provided, can be complied with as to bonds issued by a city or school district corporation, we need not determine. The question we are required to determine is, whether or not the defendant had the lawful authority to issue the bond. The statute enacts that a *"municipal corporation,"* may issue bonds as provided therein, and the whole controversy turns upon the question whether, within the meaning of the statute, a school district township may properly be called a municipal corporation. The word "municipal," as originally used in its strictness, applied to cities only. But the word now has a much more extended meaning, and when applied to corporations the words "political," "municipal," and "public," are used interchangeably. A

municipal corporation is defined to be "a public corporation created by government for political purposes, and having subordinate and local powers of legislation; *e. g.* a county, town, city, etc." Bouvier's Law Dic.; and see *Winspear v. The District Township of Holman*, 37. Iowa, 542, and *Iowa Railroad Land Co. v. Carroll County*, 39 Id., 151. We think the statute in question empowered district townships to issue bonds.

AFFIRMED.