THE STATE OF KANSAS v. JAMES WILSON.

No. 12,857. (69 Pac. 172.)

SYLLABUS BY THE COURT.

EIGHT-HOUR LAW—*School District a "Municipality."* A school
district is a "municipality," within the meaning of chapter 114,
Laws of 1891 (Gen. Stat. 1901, §§ 3827–3830), known as the eight-
hour law.

Appeal from Allen district court; H. A. EWING,
judge *pro tem.* Opinion filed June 7, 1902. *In banc.*
Reversed.

*Jno. F. Goshorn*, county attorney, and *A. H. Camp-
bell*, for The State.

*Chris Ritter*, for appellee.

The opinion of the court was delivered by

SMITH, J.: The defendant, James Wilson, was
charged with a violation of section 3827, General
Statutes of 1901, known as the eight-hour law, by
permitting a laborer in his employ to work more than
eight hours in one day in and about the erection of a
school building which defendant was constructing
under a contract with the board of education of the
city of Iola. The information was quashed for the
reason that no public offense was charged. The state
has come here by appeal.

That part of the statute necessary to be considered
reads:

"That eight hours shall constitute a day's work for
all laborers, workmen, mechanics or other persons now
employed or who may hereafter be employed by or on
behalf of the state of Kansas, or by or on behalf of any
county, city, township or other municipality of said
state, except in cases of extraordinary emergency

which may arise in time of war, or in cases where it may be necessary to work more than eight hours per calendar day for the protection of property or human life," etc.

The question presented is whether a school district is included within the term "municipality." If so, the information is good.

In *Rathbone v. Hopper*, 57 Kan. 240, 242, 45 Pac. 610, 34 L. R. A. 674, the construction of an act of the legislature was before the court. The title read : "An act to enable counties, municipal corporations, the board of education of any city and school districts to refund their indebtedness." It was held that the words "municipal corporations" included townships. It was said : ·

"A township is generally spoken of as a municipality or municipal corporation, but, strictly speaking, every political subdivision of the state organized for the administration of civil government is a *quasi*-corporation. In this respect they are placed on the same plane as counties and school districts," etc.

If the words "municipal corporations" include townships, we find, in *Freeland v. Stillman*, 49 Kan. 197, 207, 30 Pac. 235, that school districts are classified with townships. It was said :

"A school district belongs in the same class as counties and townships, which ' are denominated in the books and known to the law as *quasi*-corporations, rather than as corporations proper. They possess some corporate functions and attributes, but they are primarily political subdivisions—agencies in the administration of civil government—and their corporate functions are granted to enable them more readily to perform their public duties.' (*Beach v. Leahy*, 11 Kan. 23.) "

In *In re Dalton*, 61 Kan. 257, 262, 59 Pac. 336, 47

L. R. A. 380, this court, in passing on the section of of the statute under consideration, said :

"Here the state has seen fit to declare (and for what reason it is unnecessary to inquire) that eight hours shall constitute a day's work for all persons employed by it or by any of its political subdivisions."

Strictly speaking, cities are the only real municipal corporations in this state. We have no doubt, however, that the lawmakers, by the use of the word "municipality" in the connection in which it is employed in the eight-hour law, intended to include school districts.

In *Intoxicating Liquor Cases*, 25 Kan. 751, 763, 37 Am. Rep. 283, Mr. Justice Brewer quoted approvingly from the case of *Holmes v. Carley*, 31 N. Y. 289, 290, as follows :

"A thing which is within the intention of the makers of a statute is as much within the statute as if it were within the letter; and a thing which is within the letter of the statute is not within the statute unless it be within the intention of the makers; and such construction ought to be put upon it as does not suffer it to be eluded."

In *State v. Grimes*, 7 Wash. 191, 34 Pac. 836, it was held that a school district is a municipal corporation within a constitutional provision which directs that the permanent school fund "may be invested in national, state, county or municipal bonds."

In Iowa "municipal corporations" were authorized to issue bonds for certain purposes. It was decided that school districts were included. (*Curry v. The Dist. Twp. of Sioux City*, 62 Iowa, 102, 17 N. W. 191.) Also, see *School District No. 7 v. Thompson*, 5 Minn. 221.

We are clear that it was the intention of the legis-

lature to include employees of school districts within the provisions of the eight-hour law, and that it has done so by the use of the word "municipality" in the statute.

The judgment of the court below will be reversed, with directions to overrule the motion to quash the information.

All the Justices concurring.