[Criminal No. 590. Filed January 24, 1925.],

[232 Pac. 884.]

## STATE, Appellant, v. JACK DAVEY, Respondent.

1. STATUTES—ONE URGING UNCONSTITUTIONALITY OF STATUTE FOR INSUFFICIENT TITLE HAS BURDEN TO SHOW INVALIDITY BEYOND REASONABLE DOUBT.—One contending that a statute is unconstitutional, because its subject is not reasonably embraced in the title, has the burden of showing unconstitutionality beyond a reasonable doubt.

2. STATUTES—TITLE SUFFICIENT IF RELATING TO SUBJECT OF ACT AND HAVING NATURAL CONNECTION THEREWITH.—A title of a statute is sufficient if the provisions of the act relate directly or indirectly to the subject expressed in the title, and have a natural connection therewith and are not foreign thereto.

---

1. Sufficiency of title of statute, see note in 64 **Am. St. Rep.** 70. Insufficiency of title of statute as affecting validity, see note in **Ann. Cas.** 1916D, 28. See, also, 25 **R. C. L.** 847 et seq.

3. STATUTES—PROVISION FORBIDDING EMPLOYMENT OF ALIENS ON PUB-
   LIC WORKS HELD NOT INVALID BECAUSE NOT EMBRACED WITHIN
   TITLE OF ACT.—Title of Civil Code of 1913, paragraph 3105,
   prescribing relative rights and duties of employer and employee,
   and establishing rules governing relation of employer and employee,
   *held* sufficient, under Constitution, article IV, part 2, section 13.
   to embrace the provision forbidding and punishing the employment
   upon public works of aliens who had not declared intention to
   become citizens.

4. SCHOOLS AND SCHOOL DISTRICTS—STATUTES FORBIDDING EMPLOY-
   MENT OF ALIENS WHO HAVE NOT DECLARED INTENTION TO BECOME
   CITIZENS ON "MUNICIPAL WORKS OR EMPLOYMENT" HELD TO AP-
   PLY TO SCHOOL DISTRICTS.—The words "municipal works or em-
   ployment," as used in Civil Code of 1913, paragraph 3105, for-
   bidding employment on municipal works of aliens who have not
   declared intention to become citizens, *held* to include school districts.

5. MUNICIPAL CORPORATIONS—INFORMATION CHARGING UNLAWFUL EM-
   PLOYMENT OF ALIENS ON PUBLIC WORKS HELD SUFFICIENT IN FORM.
   Information charging employment of aliens on municipal works
   in violation of Civil Code of 1913, paragraph 3105, *held* to con-
   form substantially with Penal Code of 1913, sections 934–936,
   specifying the form and contents of indictments and informations.

See (1) 36 **Cyc.**, p. 974 (1926 Anno.). (2) 36 **Cyc.**, p. 1029.
(3) 36 **Cyc.**, p. 1035. (4) 35 **Cyc.**, p. 967 (1926 Anno.). (5) 31
**C. J.**, p. 706.

APPEAL from a judgment of the Superior Court
of the County of Pinal. Stephen H. Abbey, Judge.
Judgment reversed and cause remanded.

Mr. John W. Murphy, Attorney General, and Mr.
A. R. Lynch, Mr. Earl Anderson and Mr. E. W. Mc-
Farland, Assistant Attorneys General, for the State.

Mr. George P. Stovall, for Appellee.

LOCKWOOD, J.—On the twenty-sixth day of Sep-
tember, 1923, an information was filed against ap-
pellee, which read, omitting the formal parts, as
follows:

"In the name and by the authority of the state of
Arizona, Jack Davey is accused by the county at-

torney of Pinal county, state of Arizona, by this information of the crime of employing an alien on public works, a misdemeanor, committed as follows: 'The said Jack Davey on or about the 4th day of September, 1923, and before the filing of this information, at and in the county of Pinal, state of Arizona, did then and there willfully, knowingly, and unlawfully, having then and there a contract for the erection of a school building for school district No. 15, Pinal county, Arizona, employ upon said school building in the construction and erection of the same Y. N. Comancho, a person not a citizen or ward of the United States, and who has not declared his intentions to become a citizen, contrary to the form, force and effect of the statute in such cases made and provided, and against the peace and dignity of the state of Arizona.' "

Appellee demurred to the information on the ground, first, that it did not conform to the requirements of sections 934, 935 and 936 of the Penal Code of 1913; second, that the facts stated did not constitute a public offense; third, that the information contained matter which, if true, would constitute a legal justification or excuse of the offense charged or other legal bar to the prosecution; fourth, that paragraph 3105 of the Arizona Civil Code of 1913, under which the information was admittedly drawn, was unconstitutional. The demurrer was sustained by the lower court on the twenty-fourth day of October, 1923, and the state appeals from the order sustaining the demurrer, assigning as error the ruling of the lower court of the four points of the demurrer set forth above. In considering these points I shall take them up in inverse order.

The only ground on which appellee claims the statute is unconstitutional is that the subject of the act was not embraced in the title, contrary to the provisions of section 13, part 2 of article 4, of the Constitution, which reads as follows:

"Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title."

Appellee contended successfully in the lower court that the prohibition of the employment of alien labor in paragraph 3105 of the Civil Code of 1913, was not reasonably contained within the act, and that therefore, so far as that particular part was concerned, it must fall. That reads as follows:

"No person not a citizen or ward of the United States, or who has not declared his intention to become a citizen shall be employed upon, or in connection with, any state, county, or municipal works or employment; provided, that nothing herein shall be construed to prevent the working of prisoners by the state, or by any . . . municipality thereof, on street or road work, or other public work."

This provision is a part of title 14 of the Code of 1913, originally enacted as a separate act in 1912, and then re-enacted as part of the Code. In its original form in 1912 the title contained the words, among other things, "prescribing certain regulations concerning the qualifications and employment of laborers." When re-enacted in 1913, the title was changed and some ten different subsections were placed therein. The only two which could on any theory be considered applicable in the present case are as follows: "1. To prescribe the relative rights and duties of employer and employee"; and "2. To establish rules governing the relation of employer and employee."

This provision of the Constitution has been considered by us in the following cases: *Laney* v. *State,* 20 Ariz. 416, 181 Pac. 186; *Coggins* v. *Ely,* 23 Ariz. 155, 202 Pac. 391; *State Board* v. *Buckstegge,* 18 Ariz. 277, 158 Pac. 837; *Skaggs* v. *State,* 24 Ariz. 191, 207 Pac. 877; *Black & White Taxi Cab Co.* v. *Standard Oil Co.,* 25 Ariz. 381, 218 Pac. 139. It has also been

27 Ariz.—17

considered by the Supreme Court of the United
States in *Van Dyke* v. *Geary,* 244 U. S. 39, 61 L. Ed.
973, 37 Sup. Ct. Rep. 483 (see, also, Rose's U. S.
Notes).

We have repeatedly said, following the almost uni-
versal practice of the courts, that we would not de-
clare an act of the legislature unconstitutional un-
less satisfied thereof beyond reasonable doubt. The
burden therefore is upon the appellee in this case
to convince us that the subject of the act is not
reasonably embraced in the title thereof, by as great
a weight of evidence and reasoning as would be
required to be presented by the state to convict a
defendant of murder. Every intendment and every
presumption is in favor of the law, and if on any
reasonable theory we can hold it constitutional,
statutory construction requires us to do so.

As we stated in *Van Dyke* v. *Geary, supra:*

"Constitutional provisions requiring the subject
of legislative acts to be embraced in the title are
not to be given a strained and narrow construction
for the purpose of nullifying legislation."

It is obvious that it is impossible in the title
of any act to quote every detail embraced in the
subject, without making the title itself the act. It
is sufficient if the provisions of the act relate directly
or indirectly to the subject expressed in the title
and have a natural connection therewith and not for-
eign thereto. I do not think that it could be held
unreasonable to believe that a provision prohibit-
ing employment of certain classes of persons by a
certain class of employers in certain classes of work
has a natural connection with, and is not foreign
to, a title which reads "1. To prescribe the rela-
tive rights and duties of employer and employee";
and "2. To establish rules governing the relation of
employer and employee." This part of the act cer-

tainly does establish a very definite and positive rule governing the relation of employer and employee, and the fact the rule is a negative rather than an affirmative one is, of course, immaterial.

Appellee's reasoning on this point is interesting, but, we feel, hardly convincing, for the reasons above assigned, and following the rule heretofore laid down by this court in many cases, we hold that the provisions of paragraph 3105 of the Statutes of 1913 (Civ. Code) are fairly embraced in the title of the act and are not obnoxious to the provisions of the Constitution above quoted. The body of the paragraph, being a copy *verbatim* of section 10, article 18 of the Constitution, obviously must be constitutional.

The second point raised in the demurrer was that the words, "municipal works and employment" do not include school districts, for the reason that they are not municipalities, and therefore the information shows on its face a legal bar to the prosecution. The original and narrower signification given to the word municipality, of course, was an incorporated town or city. In many cases, however, school districts have been held to be included in the words "municipal corporations and municipalities."

We are satisfied that the better rule of construction, taking into consideration that it is absurd to suppose the legislature or the constitutional convention could have intended to prohibit aliens working for a city or county, while permitting them to labor for a school district, is that the term "municipal works or employment," as used in this connection, includes all political subdivisions of the state, and a school district is obviously one. *State* v. *Wilson,* 65 Kan. 237, 69 Pac. 172; *Board of Education* v. *Scott,* 189 Ky. 225, 224 S. W. 680.

The information plainly conforms substantially with the provisions of sections 934, 935 and 936 of the Penal Code of 1913.

For the foregoing reasons we hold that the superior court of ,Pinal county erred in sustaining the demurrer to the information, and it is ordered the case be reversed and remanded to said superior court for proceedings not inconsistent with this opinion.

McALISTER, C. J., and ROSS, J., concur.