527 P.2d 786

CITY OF GALLUP, New Mexico, a munici-
pal corporation, et al., Plain-
tiffs-Appellees,

v.

NEW MEXICO STATE PARK AND REC-
REATION COMMISSION et al.,
Defendants-Appellants.

No. 10077.

Supreme Court of New Mexico.

Nov. 1, 1974.

David L. Norvell, Atty. Gen., David M. McArthur, Asst. Atty. Gen., Santa Fe, for defendants-appellants.

James Parmelee, City Atty., Albert O. LeBeck, Jr., Gallup, McCall, Parkhurst & Horton, Dallas, Tex., for plaintiffs-appellees.

OPINION

OMAN, Justice.

By Chapter 44, Laws of New Mexico (1974) [§§ 72–18–37.24 & 72–18–37.25, N. M.S.A.1953 (1974 Interim Supp.)], which became effective February 20, 1974, the New Mexico Legislature authorized the financing, construction, development and leasing of a state park to be known as Red Rock State Park. These sections of our statutes provide:

"*72–18–37.24. Severance tax bonds— State park and recreation commission project.*—A. Upon the certification of need by the state park and recreation commission, the state board of finance may issue and sell severance tax bonds in compliance with sections 72–18–29 through 72–18–51 NMSA 1953, in an amount not exceeding the aggregate sum of one million five hundred thousand dollars ($1,500,000) for the purpose of constructing and developing a state park in McKinley county to be known as Red Rock state park.

"B. The issuance and sale of the severance tax bonds by the state board of finance and any expenditures by the state park and recreation commission shall be conditioned upon the city of

Gallup and the joint powers commission of which it is a member providing approximately six hundred forty (640) acres of land for the park and matching funds in the minimum amount of one million five hundred thousand dollars ($1,500,000) to the state park and recreation commission for the purpose of constructing and developing a Red Rock state park.

"72–18–37.25. *Lease by state parks and recreation commission.*—Upon the completion of the Red Rock state park, the state parks and recreation commission shall lease, for a period not to exceed twenty-five [25] years, for a consideration of one dollar ($1.00) per year, the Red Rock state park to the city of Gallup, which city shall bear the total expense of maintaining the park for the period of the lease. The property shall be returned to the state in the same condition, reasonable use excepted."

The Joint Powers Commission referred to in § 72–18–37.24(B), supra, was created by an agreement entered into by the City of Gallup and the Inter-Tribal Indian Ceremonial Association pursuant to the Joint Powers Agreements Act, which appears as §§ 4–22–1 to 4–22–7, N.M.S.A.1953 (Repl. Vol. 2, pt. 1, 1974). The City of Gallup is a municipality. The Inter-Tribal Indian Ceremonial Association is an official agency of the State of New Mexico. Section 73–31–1, N.M.S.A.1953 (Repl.Vol. 11, pt. 1, 1968). No question is raised as to the authority of the City and the Association to enter into the agreement under the Joint Powers Agreements Act.

The City notified the State Parks and Recreation Commission (Parks Commission) that it was ready to proceed with the issuance of sales tax revenue bonds in the amount of $1,000,000 pursuant to §§ 14–30–1 to 14–30–9, N.M.S.A.1953 (Repl.Vol. 3, 1968, Supp.1973), and to deliver the proceeds from the sale thereof to the Parks Commission. The Joint Powers Commission notified the Parks Commission that it was ready to convey 640 acres of land for the park and deliver $500,000 to the Parks Commission.

The Parks Commission refused to certify to the State Board of Finance a need for the issuance and sale of severance tax bonds in the amount of $1,500,000 as provided in § 72–18–37.24(A), supra, and gave as its reason for such refusal its belief that the conditions imposed by § 72–18–37.-24(B), supra, and the lease required by § 72–18–37.25, supra, contravened the provisions of art. IX, § 14 of the Constitution of New Mexico, which read in pertinent part:

"Neither the state, nor any county, school district, or municipality, except as otherwise provided in this Constitution, shall directly or indirectly lend or pledge its credit, or make any donation to or in aid of any person, association or public or private corporation, or in aid of any private enterprise for the construction of any railroad; Provided, nothing herein shall be construed to prohibit the state or any county or municipality from making provision for the care and maintenance of sick and indigent persons."

Thereupon the plaintiffs brought suit for declaratory judgment. The parties stipulated that there were no issues of fact to be decided, and the resolution of the issues of law was submitted to the district court for the entry of summary judgment. These issues were resolved in favor of plaintiffs, and defendants have appealed. We affirm.

■ Under their first point relied upon for reversal, defendants contend the requirement of § 72–18–37.25, supra, that the park be leased to the City for $1.00 per year, violates art. IX, § 14, supra. They first assert that municipalities are public corporations. Goodwin v. Town of East Hartford, 70 Conn. 18, 38 A. 876 (1897); Wilmington Housing Authority v. Williamson, 228 A.2d 782 (Del.1967); Curry v. District Township of Sioux City, 62 Iowa 102, 17 N.W. 191 (1883); Neuenschwander v. Washington Suburban San. Com., 187 Md. 67, 48 A.2d 593 (1946); Bliss v. Path-

finder Irr. Dist., 122 Neb. 203, 240 N.W. 291 (1932); Union Free School Dist. No. 3 v. Town of Rye, 280 N.Y. 469, 21 N.E.2d 681 (1939); Cook v. Port of Portland, 20 Or. 580, 27 P. 263 (1891); Martin v. Town of Esopus, 57 Misc.2d 487, 293 N.Y. S.2d 571 (Sup.Ct.1968). They then observe that art. IX, § 14, supra, prohibits the State (defendants in the present suit) from making a donation to or in aid of a public corporation (the City). From these facts and the value of the park, they conclude that the lease of the park to the City for $1.00 per year is inadequate consideration, and, consequently, constitutes a donation to or in aid of the City.

In White v. Board of Education of Silver City, 42 N.M. 94, 105, 75 P.2d 712, 719 (1938), we held a school district bond issue for the proposed purpose of joining with a state normal school in erecting a high school building did not violate the provisions of art. IX, § 14 of our constitution, and expressly stated " * * * that under the plan outlined in the statute it [the school district] will get value received for every dollar put into the enterprise."

Defendants argue that from this holding in the White case, and particularly from the quoted language as to value received, it necessarily follows that, since the Parks Commission will be getting a rental of only $1.00 per year for the park, the State will not be getting value received, and, in fact, will be making a donation to or in aid of a public corporation (the City) in contravention of the express constitutional enjoinder.

It is apparent that the proposed lease is but one of the legislatively provided conditions for the creation and operation of the park, and the $1.00 per year rental is but an infinitesimal portion of the value to be received by the State under the statutory plan. The State will receive from the City and the Joint Powers Commission, of which the City is one of the creators and members, title to the 640 acres of land to be embraced within the park, $1,500,000 for construction and improvement of the park

and its facilities, the maintenance and operation of the park for the public use during the life of the lease contract, and the $1.00 per year nominal rental. We hold that under the plan outlined in §§ 72–18–37.24 and 72–18–37.25, supra, the State will get value received for the $1,500,000 which it is to put into the development of the park and for the limited leasehold interest in the park to be conveyed to the City.

■ However, regardless of the value to be received by the State, we hold that compliance with the statutory plan for the operation of the park by the City under the lease does not violate the constitutional enjoinder. In Wiggs v. City of Albuquerque, 56 N.M. 214, 242 P.2d 865 (1952), we had the following to say concerning the inapplicability of the provisions of art. IX, § 14, supra, to a legislatively sanctioned plan involving subordinate governmental agencies of the State:

> "It is said the City of Albuquerque is lending its credit to the University of New Mexico in mortgaging its property for the latter's benefit. But we have held this provision has no application where the lending of credit is under legislative sanction by one subordinate governmental agency to another. Harrington v. Atteberry, 21 N.M. 50, 153 P. 1041; White v. Board of Education of Silver City, 42 N.M. 94, 75 P.2d 712; Hutcheson v. Atherton, 44 N.M. 144, 99 P.2d 462. Accordingly, if this be a lending of credit by the City of Albuquerque to the University as claimed, it constitutes no violation of this constitutional provision." 56 N.M. at 226, 242 P.2d at 872.

It is true that in the Wiggs case our concern was with the enjoinder against the lending or pledging of credit rather than the making of a donation. However, there can be no logic or reason in holding that the enjoinder is inapplicable to a lending or pledging of credit, but applicable to the making of a donation by the State or one of its governmental agencies to another such agency. This single constitutional en-

joinder clearly embraces both kinds of actions, and it is inapplicable to either, when the parties involved are the State and its subordinate governmental agencies.

In their second point, defendants contend the conditions imposed by § 72–18–37.-24(B), supra, that the City and the Joint Powers Commission must provide approximately 640 acres of land and matching funds in the minimum amount of $1,500,000 to the Parks Commission, also contravene the enjoinder of art. IX, § 14, supra, in that they are required to convey the land and the money to the Parks Commission without consideration.

The donation of the land and $1,500,000 to the Parks Commission, if in fact this amounted to a donation under the legislative plan for the creation and development of the park, comes within our holding that the constitutional enjoinder is not applicable to a legislatively sanctioned donation by the State or one of its governmental agencies to another such agency.

The judgment of the district court should be affirmed.

It is so ordered.

STEPHENSON and MONTOYA, JJ., concur.