551 P.2d 583

**STATE of Arizona, Appellee,**

v.

**Charles SUTTON, Appellant.**

**No. I CA–CR 1584.**

Court of Appeals of Arizona,
Division 1,
Department B.

June 29, 1976.

Rehearing Denied Aug. 30, 1976.
Review Granted Sept. 23, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div., Ronald L. Crismon, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

## OPINION

SCHROEDER, Judge.

After a trial to a jury, the appellant Charles Sutton was convicted of two counts of credit card forgery in violation of A.R.S. § 13–1074 and one count of possession of a stolen credit card in violation of A.R.S. § 13–1073. He was sentenced to four to five years imprisonment on each count, the sentences to run concurrently as of the date of his arrest. A petition to file a delayed appeal was granted by the trial court and on October 8, 1975, the current appeal was taken from the judgment and sentence of August 28, 1975. Four issues are presented:

1. Did the title to Senate Bill 1267 which amended A.R.S. § 13–1073 comply with Arizona Constitution, art. 4, pt. 2, § 13?

2. Was it error for the trial court to fail *sua sponte* to hold a voluntariness hearing as to statements made by the appellant to a police officer?

3. Did the trial court err in failing to strike the jury panel when one prospective juror stated that he had heard the name of the appellant through his employment with the police department?

4. Did appellant's conviction of both possession and forgery of a credit card subject him to double punishment within the meaning of A.R.S. § 13–1641?

We turn first to the claimed constitutional defect in A.R.S. § 13–1073, as amended in 1972. Appellant argues that the title to the Senate bill containing the 1972 amendments did not give adequate notice of the bill's contents and, therefore, violated our constitutional provision dealing with subject and title of bills, Ariz.Const. art. 4, pt. 2, § 13, which provides:

"Every Act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; but if any subject shall be embraced in an Act which shall not be expressed in the title, such Act shall be void only as to so much thereof as shall not be embraced in the title."

The general subject of A.R.S. § 13–1073 is credit card crimes. Prior to the 1972 amendment, A.R.S. § 13–1073(C), Laws, 1969, read as follows:

"Every person other than the issuer who sells, transfers, conveys, or receives a credit card with the intent to defraud *is guilty of a misdemeanor.*" (Emphasis added).

The 1972 amendment changed that subsection to read:

"Every person other than the issuer who sells, transfers, conveys, *possesses* or receives a credit card with the intent to defraud *shall be punished by imprisonment in the state prison for not less than one nor more than five years, or by imprisonment in a county jail for not to exceed one year.*" (Emphasis added).

The amendment thus increased the punishment for the proscribed acts and also added the punishable offense of possession of a credit card with intent to defraud. Amendments to other subsections increased the penalty for other credit card crimes, including theft of a credit card.

Senate Bill 1267, Ch. 112, (1972) Laws of Arizona 577, carried the following title:

AN ACT RELATING TO CRIMES; PRESCRIBING PENALTY FOR THEFT OF CREDIT CARD, AND AMENDING SECTION 13–1073, ARIZONA REVISED STATUTES.

The title correctly indicated that the bill related to the penalty for theft of a credit card and amended § 13–1073. However, appellant urges that because the title did not expressly state that the amendment proscribed the additional act of possession of a credit card with fraudulent intent, the provisions relating to possession are unconstitutional and his conviction on the possession count must be reversed. We disagree.

The purpose of the constitutional provision is to prevent surprise as to the subjects dealt with by the act. *White v.*

*Kaibab Road Improvement District,* Ariz., 550 P.2d 80, 82 (filed May 26, 1976); *Industrial Development Authority of County of Pinal v. Nelson,* 109 Ariz. 368, 509 P.2d 705 (1973). However, the title need not be a complete index to the act, and broad titles are permissible. *Taylor v. Frohmiller,* 52 Ariz. 211, 79 P.2d 961 (1938). "Any provision having a natural connection with the title of the act is properly embraced in the act." *White v. Kaibab, supra,* 550 P.2d at 82.

■ Because of the State's interest in sustaining laws enacted by our legislative branch, the burden of proving a violation of this constitutional provision is a heavy one. An act will not be held in violation of a *notice requirement unless the courts* are satisfied "beyond a reasonable doubt of its unconstitutionality." *State v. Gastelum,* 75 Ariz. 271, 273, 255 P.2d 203, 205 (1953). *See also Board of Regents v. Sullivan,* 45 Ariz. 245, 42 P.2d 619 (1935); *State v. Davey,* 27 Ariz. 254, 232 P. 884 (1925). The court in *Davey* equated the burden of showing the subject of the act is not reasonably embraced in its title with the burden of the State to convict a defendant of murder.

■ Our courts have consistently upheld the validity of statutory provisions which, even though the bill itself contained related additional matters not expressly recited in the title, were germane to the subjects contained in the title description. *See e.g. Industrial Development Authority of County of Pinal v. Nelson, supra; In re Lewkowitz,* 70 Ariz. 325, 330, 220 P.2d 229, 234 (1950) (provisions relating to lawyer discipline were sufficiently germane to a title stating only " 'an act relating to the state bar', . . . 'and creating a public corporation to be known as the "State Bar of Arizona" ' "); *Board of Regents v. Sullivan, supra,* in which the court stated that "the 'one subject' provision . . . will be given a liberal construction, and not a strained and narrow construction for the purpose of nullifying legislation." (45 Ariz. at 253, 42 P.2d at 622).

We are aware that our Supreme Court has very recently stricken a statute as violative of § 13 of the Arizona Constitution. *White v. Kaibab, supra.* However, in that case the title reflected a matter totally different from the subject actually contained in the bill. The title referred to the "formation" of improvement districts, while bill itself referred to financing improvements after the formation had been accomplished. The only other decision invalidating legislation for violation of § 13 which has been brought to our attention is *Skaggs v. State,* 24 Ariz. 191, 207 P. 877 (1922), holding that provisions of a civil nature relating to bastardy were inconsistent with a title stating that the provisions related to an "act to establish a penal code."

No such inconsistencies appear in this case. The provision making it illegal to possess a credit card with intent to defraud in no way conflicted with the title of the bill, and was clearly germane to the subject of the original statute which, as the title stated, the bill was to amend. *Hancock v. State,* 31 Ariz. 389, 254 P. 225 (1927). We are not satisfied beyond a reasonable doubt that the title failed to put an interested party on adequate notice of the contents of the bill and, therefore, hold that it is constitutional.

The second question on review is whether it was error for the trial court to fail to hold a voluntariness hearing on its own motion with respect to certain statements made by the appellant to the arresting officers immediately after his arrest. The record shows that after being advised of his right to remain silent, the appellant was asked if he understood those rights and if he would voluntarily answer questions by the officers. He responded Yes to both of these questions. Thereafter, in response to questioning, the appellant stated that he had received the credit card from "a guy down at a park near his home" and the credit card was given to him because he expressed the need for some new clothes. During the State's case in chief, these

statements were presented without objection through the testimony of one of the arresting officers. Neither before nor after trial was there any request that these statements be suppressed and in fact the substance of the statements was used by defense counsel in closing argument to show that the State had failed to prove that the credit card was possessed with the intent to defraud. The appellant did not take the stand.

On appeal the appellant now asserts for the first time that the court should have *sua sponte* ordered a voluntariness hearing citing *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) and *State v. Owen*, 96 Ariz. 274, 394 P.2d 206 (1964). Appellant argues that voluntariness was placed in question when the State placed a check mark on the omnibus hearing form indicating that there would be an issue of voluntariness of a statement made by the defendant. We do not agree that the mere check on the omnibus hearing form presented a question as to voluntariness where there was no subsequent motion to suppress brought by the appellant, there was no objection to the statements when they were presented during the trial, and where the statements themselves became the basis for the defense. Where the evidence does not raise a question as to the voluntariness of the defendant's statements, the trial judge is not required, *sua sponte,* to enter into an examination outside the presence of the jury to determine the possible involuntariness of the statements. *State v. Finn,* 111 Ariz. 271, 528 P.2d 615 (1974).

Next, appellant asserts that the trial court erred in failing to strike the jury panel when one prospective juror stated that he had heard the name of the appellant through his employment with the police department. The dialogue referred to occurred during the voir dire of the jury panel by the trial court. After explaining the name of the case and the nature of the charge, the trial judge asked if any members of the panel knew the defendant or had heard anything about the case from any source whatsoever. We quote the entire discourse:

"PROSPECTIVE JUROR WIMER: I'm familiar. I've heard the name through my employment.

"THE COURT: Without telling us what you may have heard let me first ask who is your employer?

"PROSPECTIVE JUROR WIMER: Glendale Police Department, Glendale, Arizona.

"THE COURT: Would your prior knowledge of this matter make it difficult for you to sit on the case if selected as a juror?

"PROSPECTIVE JUROR WIMER: I don't believe it would, Your Honor, because the only thing I've heard is just the name mentioned among hundreds of others.

"THE COURT: When you say the name, you mean the name of the defendant?

"PROSPECTIVE JUROR WIMER: Yes."

Appellant claims that this dialogue clearly indicated to all of the prospective jurors that appellant had been involved in prior criminal activity. We disagree.

The dialogue merely concerned whether the prospective jurors had ever heard the name of the defendant. There was no reference to any prior arrest record or inference thereof as argued by appellant. As stated in *State v. Finn, supra*:

"Policemen do know people other than criminals and given the size of the community in the instant case, it is just as reasonable to assume that the officer's prior contact with the defendant was not as the result of any prior bad acts or criminal conduct on the part of the defendant himself." (111 Ariz. at 279, 528 P.2d at 622).

We find no abuse of discretion by the trial court in failing to strike the jury panel.

■ Appellant's final argument is that he was subjected to double punishment when the trial court failed to grant his motion to compel the State to elect whether to proceed on the charges of forgery of a credit card or possession of a stolen card, and he was subsequently convicted and punished under all three counts.

A.R.S. § 13–1641 provides that:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

In determining the number of "acts" under which an accused may be charged and punished under A.R.S. § 13–1641, Arizona applies the "identical elements" test. *State v. Tinghitella,* 108 Ariz. 1, 491 P.2d 834 (1971). Under this test it is necessary to eliminate the elements in one charge and determine whether the facts left would support the other charge. *State v. Mitchell,* 106 Ariz. 492, 478 P.2d 517 (1970); *State v. Westbrook,* 79 Ariz. 116, 285 P.2d 161 (1954); *State v. Salazar,* 24 Ariz.App. 472, 539 P. 2d 946 (1975). The time span during which the acts may have been committed is not material. *State v. Tinghitella, supra.*

■ In this case, the defendant attempted to purchase some clothing and shoes at a department store using the stolen Bankamericard of one Gerald Jones. Appellant selected the goods at two separate departments of the store, and after each selection appellant first offered the card and then signed the name of Mr. Jones. The signatures were on two charge slips in the respective amounts of $110.08 and $44.10. When these slips and the card were taken and displayed to the cashier, the defendant was detained by store personnel until the police could arrive. Thereafter he was arrested and charged with two counts of forgery of a credit card and one count of possession.

We reject appellant's contention that the elements of the two crimes are the same. The elements of the crime of possession of a credit card with intent to defraud under A.R.S. § 13–1073(C) as amended 1972 are (1) possession of a credit card by a person other than the issuer, and (2) intent to defraud.

The elements of the crimes of forgery as proscribed by A.R.S. § 13–1074(B) are (1) the signing of the name of any actual or fictitious person to a sales slip which evidences a credit card transaction, (2) a signing by a person other than the card holder, and (3) fraudulent intent. *State v. Ulmer,* 21 Ariz.App. 378, 519 P.2d 867 (1974).

We conclude that the elements of a crime of possession of a credit card with intent to defraud were satisfied before the actual signing of the slips which constituted the forgeries.

When the defendant forged the name of Mr. Jones to the sales slips, he embarked upon separate "acts" within the meaning of A.R.S. § 13–1641.

When the elements of possession of a stolen credit card with the intent to defraud are removed, the forgery remains, and when the forgery elements are excised, the possession of a stolen credit card with intent to defraud stands alone. Thus we find no violation of A.R.S. § 13–1641.

The arguments raised by the appellant are similar to those rejected by our Supreme Court in holding that conviction of both rape and kidnapping with intent to commit rape did not constitute double punishment. *State v. Williams,* 111 Ariz. 222, 526 P.2d 1244 (1974); *State v. Adrian,* 111 Ariz. 14, 522 P.2d 1091 (1974). *See Also State v. Vallejos,* 89 Ariz. 76, 358 P.2d 178 (1960), holding that convictions for both possession and sale of marijuana may be sustained where the possession was not solely for the purpose of that particular sale. Also analogous and controlling of this case are the repeated Arizona decisions that a defendant may be

convicted both of burglary, *i. e.,* entering with intent to commit a crime, and of the crime committed after the burglary was completed. *State v. Green,* 98 Ariz. 254, 403 P.2d 809 (1965); *State v. Hutton,* 87 Ariz. 176, 349 P.2d 187 (1960); *State v. Forteson,* 8 Ariz.App. 468, 447 P.2d 560 (1968).

The judgment and sentence are affirmed.

JACOBSON, P. J., and WREN, J., concurring.