565 P.2d 1278

**STATE of Arizona, Appellee,**

v.

**Charles SUTTON, Appellant.**

**No. 3674–PR.**

Supreme Court of Arizona, In Banc.

June 6, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Ronald L. Crismon, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

Charles Sutton was convicted in a jury trial of two counts of credit card forgery (A.R.S. § 13–1074) and one count of possession of a credit card with intent to defraud (A.R.S. § 13–1073). The Court of Appeals, Division One, affirmed the judgments, 27 Ariz.App. 134, 551 P.2d 583 (1976). We granted review. Opinion of the Court of Appeals vacated. Judgment of the Superior Court reversed as to the conviction for possession of a credit card with intent to defraud.

Appellant urges that his conviction for possession of a credit card with intent to defraud should be set aside because the statute, A.R.S. § 13–1073, is unconstitutional. Art. 4, Part 2, § 13, of the Arizona Constitution provides:

"Every Act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; but if any subject shall be embraced in an Act which shall not be expressed in the title, such Act shall be void only as to so much thereof as shall not be embraced in the title."

Appellant argues that the title of the 1972 Act under which he was convicted does not express the subject matter which would embrace possession of a credit card with intent to defraud.

The title of the Act reads:

"AN ACT

RELATING TO CRIMES; PRESCRIBING PENALTY FOR THEFT OF CREDIT CARD, AND AMENDING SECTION 13–1073, ARIZONA REVISED STATUTES."

The title's expressed purposes were to prescribe a penalty for theft of a credit card and to amend A.R.S. § 13–1073. However, the Act made another change in the statute. It added the crime of possession of a credit card with intent to defraud.

In our recent decision in *White v. Kaibab Road Improvement Dist.*, 113 Ariz. 209, 550 P.2d 80 (1976), we stated that Art. 4, Part 2, § 13:

"was designed to enable legislators and the public upon reading the title to know what to expect in the body of the act so that no one would be surprised as to the subjects dealt with by the act. *Industrial Development Authority of Pinal County v. Nelson*, 109 Ariz. 368, 509 P.2d 705 (1973). The title must be worded so that it puts people on notice as to the contents of the act. *Shaw v. State*, 8 Ariz.App. 447, 447 P.2d 262 (1968). This does not mean, however, that the title must be a complete index to the act. Any provision having a natural connection with the title of the act is properly embraced in the act." Id. at 211, 550 P.2d at 82.

■ While Art. 4, Part 2, § 13, should be interpreted liberally so as to uphold the constitutionality of an act if there is any legal basis for its validity, *White v. Kaibab Road Improvement Dist.*, supra, constitutional provisions will not be interpreted "so foolishly liberal[ly] * * * as to render the constitutional provision nugatory." *Taylor v. Frohmiller*, 52 Ariz. 211, 217, 79 P.2d 961, 964 (1938).

■ The title of an act may be broad in scope thereby giving notice of a broad range of legislation. *Industrial Development Authority of Pinal County v. Nelson*, 109 Ariz. 368, 509 P.2d 705 (1973); *Taylor v. Frohmiller*, supra. In *Taylor v. Frohmiller*, we said:

"The scope of the title is within the discretion of the legislature; it may be made broad and comprehensive, and in this case the legislation under such title may be equally broad; or, the legislature, if it so desires, may make the title narrow and restricted in its nature, and in such case the body of the act must likewise be narrow and restricted." 52 Ariz. at 216, 79 P.2d at 964.

■ In the instant case, the Legislature referred to the Act as prescribing penalties for a theft of a credit card. It thereby narrowed and restricted the subject matter. When the title particularizes some of the

**420**

changes to be made by amendment, the legislation is limited to the matters specified and anything beyond them is void, however germane it may be to the subject of the original act. See *Nelson v. Southern Guaranty Ins. Co.,* 221 Ga. 804, 147 S.E.2d 424 (1966); *Hammond v. Bingham,* 83 Idaho 314, 362 P.2d 1078 (1961); *White v. State,* 440 S.W.2d 660 (Tex.Crim.App.1969).

In *Hammond v. Bingham,* the court said: "In addition to the title stating that I.C. § 33–909 is being amended, it proceeds to particularize some, but not all, of the changes, * * *. When such specifications are made the legislation is limited to the matters specified, and anything beyond them is void, however germane it may be to the subject of the original act. *State ex rel. Morford v. Emerson,* 1 Terry 233, 40 Del. 233, 8 A.2d 154; *Hays v. Federal Chemical Co.,* 151 Tenn. 169, 268 S.W. 883; *Niles v. Schoolcraft Circuit Judge,* 102 Mich. 328, 60 N.W. 771; *Davey v. Ruffell,* 162 Pa. 443, 29 A. 894; *Abernathy v. Mitchell,* 113 Ga. 127, 38 S.E. 303; *State v. Schultz Gas Fixture & Art Metal Co.,* 83 Md. 58, 34 A. 243; *People ex rel. Corscadden v. Howe,* 177 N.Y. 499, 69 N.E. 1114, 66 L.R.A. 664; See also 1 Lewis Sutherland Stat. Const., 2nd Ed. Sec. 140, pg. 238; 1 Cooley Const.Law 8th Ed. pg. 310." 83 Idaho at 320, 362 P.2d at 1081–82.

■ The conviction for possession of a credit card with intent to defraud must be reversed. We do not, however, strike down the entire statute since, we believe, the word "possesses" is severable from the Act without affecting the remainder.

Appellant next claims that the trial court erred when it failed to *sua sponte* order a voluntariness hearing in regard to admissions made by appellant. The State relies on *State v. Finn,* 111 Ariz. 271, 528 P.2d 615 (1974), holding that the trial court was not required to order a voluntariness hearing when the question of involuntariness was neither raised by counsel nor implied from the evidence. Appellant, however, argues that the issue was raised when the State's attorney placed a check mark on the omnibus hearing form, indicating that there would be a voluntariness issue. We do not think this raised an issue of voluntariness under the circumstances of the case.

■ While the prosecuting attorney checked the box on the omnibus hearing form which indicated that the statements made by the defendant might be an issue as to their voluntariness, the defense did not move to suppress the statements nor was a voluntariness hearing requested, nor was there an objection to the admissibility of the statements during the course of the trial. The appellant therefore chose not to oppose the admission of the statements into evidence. His trial strategy apparently was not to suppress the facts disclosed by the statements, but to emphasize those which supported his defense. Since, likewise, the appellant did not either object to instructing the jury on the subject of voluntariness or to the content of the instruction on voluntariness as given by the trial court, he waived any possible error. 17 A.R.S., Rules of Criminal Procedure, Rule 21.3(c); *State v. Mendiola,* 23 Ariz.App. 251, 532 P.2d 193 (1975).

In the case of *State v. Stevenson,* 101 Ariz. 254, 418 P.2d 591 (1966), we did not hold that the court's charge to the jury raised the issue of voluntariness of the defendant's statements. We held that a voluntariness hearing was required because the defendant raised the issue by implication and the trial court instructed the jury on voluntariness. We have held that if a defendant did not contend at the trial that his inculpatory statement was involuntary and the trial court did not instruct on it, the issue cannot be raised on appeal. *State v. Suarez,* 106 Ariz. 62, 470 P.2d 675 (1970). We see no viable distinction between the case at bar and *State v. Suarez.*

Appellant complains of the court's ruling in failing to strike the entire jury panel when one prospective juror answered certain questions of the court in this fashion:

"PROSPECTIVE JUROR WIMER: I'm familiar. I've heard the name through my employment.

THE COURT: Without telling us what you may have heard let me first ask who is your employer?

PROSPECTIVE JUROR WIMER: Glendale Police Department, Glendale, Arizona.

THE COURT: Would your prior knowledge of this matter make it difficult for you to sit on the case if selected as a juror?

PROSPECTIVE JUROR WIMER: I don't believe it would, Your Honor, because the only thing I've heard is just the name mentioned among hundreds of others.

THE COURT: When you say the name, you mean the name of the defendant?

PROSPECTIVE JUROR WIMER: Yes.

THE COURT: Thank you, sir. Anyone else?"

Appellant argues that the statements of the prospective juror indicated that he had been involved in other criminal activity. We do not think, however, that the foregoing quoted *voir dire* by the trial judge necessarily indicated that appellant had a prior criminal record. The jury panel could more reasonably conclude that the prospective juror was made aware of the appellant's name through publicity attendant upon the appellant's commission of the offenses for which he was then being tried. There is no reason for the jurors to have assumed that this prospective juror heard about appellant as a result of other criminal conduct. *See State v. Finn,* 111 Ariz. 271, 528 P.2d 615 (1974).

Finally appellant urges that the court erred in failing to compel the State to elect between proceeding on the charges of forgery of a credit card and possession of a stolen credit card. This is for the reason that if the "identical elements test" is utilized, appellant would suffer double punishment for the same offense. In light of our conclusion to reverse the judgment of conviction for possession of a stolen credit card with intent to defraud, it is unnecessary to consider this question.

Judgments of conviction affirmed as to the two counts of forgery of a credit card and reversed on the count of possession of a stolen credit card with intent to defraud.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.