568 P.2d 1138

**AMERICAN ESTATE LIFE INSURANCE COMPANY, an Arizona Corporation, Carefree Life Insurance Corporation of America, an Arizona Corporation, Modern Pioneers Life Insurance Company, an Arizona Corporation, and Sun Life Insurance Company, an Arizona Corporation, Appellants,**

v.

**STATE of Arizona, DEPARTMENT OF INSURANCE and T. Millard Humphrey, as Director of Insurance, State of Arizona, Appellees.**

No. 1 CA–CIV 3376.

Court of Appeals of Arizona,
Division 1,
Department C.

Aug. 23, 1977.

Stockton & Hing by Robert Ong Hing, Phoenix, for appellants.

Bruce E. Babbitt, Atty. Gen. by Mary Z. Chandler, Frank L. Migray, Asst. Attys. Gen., Phoenix, for appellees.

## OPINION

OGG, Judge.

This appeal is from the granting of appellees' motion for summary judgment and the denial of appellants' motion for summary judgment. The pivotal issue concerns the questioned legality of a tax imposed by the appellees (State) upon the appellants (Insurance Companies).

The Insurance Companies contend that the statutory authority relied upon by the State to impose such a tax is unconstitutional because Law 1973, Ch. 160, § 6 amending ARS § 20–224(B) did not reasonably and fairly express the tax subject matter in the title of the legislative act. Specifically, it is alleged that there is a constitutional violation because the title to the act fails to fairly inform the legislature and the public that § 6 of the act would impose additional premium taxes on the appellant Insurance Companies.

ARS Const. Art. 4, pt. 2 § 13 relied upon by the Insurance Companies reads:

> Every Act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; but if any subject shall be embraced in an Act which shall not be expressed in the title, such Act shall be void only as to so much thereof as shall not be embraced in the title.

The purpose of this constitutional provision was expressed in *State v. Espinosa*, 101 Ariz. 474, 421 P.2d 322 (1966):

> The purpose of the constitutional provision is to prevent the surprise and evils of omnibus bills and surreptitious legislation by requiring the title of an act to generally inform the public of the act's contents.

*Id.* at 476, 421 P.2d at 324. See also *In re Dos Cabezas Power District*, 17 Ariz.App. 414, 498 P.2d 488 (1972).

*In re Lewkowitz*, 70 Ariz. 325, 220 P.2d 229 (1950), expressed the test to determine the sufficiency of a title as follows:

'It has therefore been held that the title is sufficient if it is not productive of surprise and fraud, and is not calculated to mislead the legislature or the people, but is of such character as fairly to apprise legislators, and the public in general, of the subject matter of the legislation, and of the interests that are or may be affected thereby, *and to put anyone having an interest in the subject matter on inquiry.*' 50 Am.Jur., Statutes, § 167. Id. at 331, 332, 220 P.2d at 233. [Emphasis in original.]

The title to the act questioned in this appeal reads:

House Bill 2027—An Act Relating to Insurance; Providing for Conservatorship. For Certain Insurance Companies; Prescribing Surplus to be Maintained by Insurance Companies; Prescribing Deposit Requirements; Prescribing Expiration Date for Insurance Companies' Certificates of Authority; *Prescribing Date for Paying Premium Taxes*; Prescribing Penalty for Failure to File Annual Statement; Prescribing Dates for Payment of Certain Taxes and Penalties for Failure to Pay Such Taxes; Amending Title 20, Chapter 1, Article 2, Arizona Revised Statutes, by adding Sections 20–169, 20–170, and 20–171, and Amending Sections 20–211, 20–213, 20–217, 20–223, 20–224, 20–225, 20–416, 20–417, 20–582, and 20–708, Arizona Revised Statutes. [Emphasis added.]

Under this title the Thirty First Legislature amended ARS § 20–224(B) to read:

Coincident with the filing of such tax report each foreign or alien insurer shall pay to the state treasurer, through the director, a tax of two per cent of such net premiums, and each domestic insurer shall so pay a tax of one per cent of such net premiums. BEGINNING MARCH 1, 1975, A DOMESTIC INSURER DOING BUSINESS IN A STATE OR FOREIGN COUNTRY IN WHICH SUCH INSURER IS NOT LICENSED AND TO WHICH THE INSURER DOES NOT PAY A PREMIUM TAX SHALL REPORT AND PAY THE TAX ON SUCH BUSINESS FOR THE PRECEDING CALENDAR YEAR TO THE STATE OF ARIZONA AS THOUGH SUCH BUSINESS WERE TRANSACTED IN THIS STATE. Laws 1973, Ch. 160, § 6.

Pursuant to this statute the Arizona Department of Insurance imposed a tax upon the appellant Insurance Companies covering all premiums received from policyholders whose mailing addresses at the time of payment were in states or foreign countries in which the appellants were not licensed, did not have resident agents, and to which they paid no premium taxes during the calendar years of 1974. After this tax was upheld in an administrative hearing, the case was appealed pursuant to ARS § 20–166 to the Maricopa County Superior Court. This appeal followed a summary judgment rendered in favor of the State by the superior court.

The Insurance Companies argue that they should not be required to pay taxes on these "orphan premiums" as authorized in ARS § 20–224(B) because there was nothing in the title of the legislative act granting this section to warn the Insurance Companies that they would be subject to any additional premium taxes. The term "orphan premiums" is a term used in the industry to identify those premiums received by a domestic insurance company from policyholders residing in a state in which the company is not licensed and where the company does not pay a premium tax.

We agree there is nothing in the title which would put the legislature, the Insurance Companies or members of the interested public on notice that a new tax on "orphan premiums" was going to be imposed under the act. The only reference to premium taxes is "Prescribing Date for Paying Premium Taxes."

 The State argues that the title of the act is "insurance" which is broad in scope and that it is not necessary for the title of every act to have an index of what is contained therein. *Ellery v. State*, 42 Ariz. 79, 22 P.2d 838 (1933). Any party questioning the validity of a statute must overcome the presumption of the statute's

constitutionality. *Industrial Development Authority v. Nelson*, 109 Ariz. 368, 509 P.2d 705 (1973). We have no quarrel with these principles of law. The State has also attempted to impose an additional burden in holding a legislative title unconstitutional. The State argues that the Insurance Companies must show prejudice incurred by the defective title. We are unable to find any authority requiring the Insurance Companies to show prejudice as such. They are only required to show that the title did not give adequate notice that the content of the act would impose an additional tax obligation on domestic insurers.

Although we find this to be a close question, we are persuaded by the two most recent cases from the Arizona Supreme Court on this subject. In *State v. Sutton*, 115 Ariz. 417, 565 P.2d 1278 (filed June 6, 1977), the court held the title to an act "RELATING TO CRIMES, PRESCRIBING PENALTY FOR THEFT OF CREDIT CARD, AND AMENDING SECTIONS 13–1073, ARIZONA REVISED STATUTES" did not comply with our constitutional requirement when the act added the new crime of possession of a credit card with intent to defraud. The court held that portion of the act unconstitutional and set aside the defendant's conviction for possession of a credit card with intent to defraud because the title of the 1972 act under which he was convicted did not express the subject matter which would embrace possession of a credit card with intent to defraud.

In *White v. Kaibab Road Improvement District*, 113 Ariz. 209, 550 P.2d 80 (1976), the supreme court interpreted an act which was titled

> RELATING TO COUNTIES; PROVIDING AN ALTERNATE PROCEDURE FOR THE FORMATION OF COUNTY IMPROVEMENT DISTRICTS, AND AMENDING TITLE 11, CHAPTER 5, ARIZONA REVISED STATUTES, BY ADDING ARTICLE 1.1.

The supreme court held that although the title to the act stated it was to provide an alternate procedure for the formation of county improvement districts, the real thrust of the contents of the act was to provide an alternate procedure for financing improvements after the formation of an improvement district. The court held the act unconstitutional for the reason that the title did not clearly express the true content of the body of the act.

In both these recent cases the court stated that ARS Const. Art. 4, pt. 2, § 13:

> [W]as designed to enable legislators and the public upon reading the title to know what to expect in the body of the act so that no one would be surprised as to the subjects dealt with by the act. *Industrial Development Authority v. Nelson*, 109 Ariz. 368, 509 P.2d 705 (1973). The title must be worded so that it puts people on notice as to the contents of the act. *Shaw v. State*, 8 Ariz.App. 447, 447 P.2d 262 (1968), *State v. Sutton, supra*, 565 P.2d at 1280. *White v. Kaibab Road Improvement District, supra* at 211, 550 P.2d at 82.

■ Applying the strict construction of *State v. Sutton, supra*, and *White v. Kaibab, supra*, to the facts of the case we hold that the tax of ARS § 20–224(B) is unconstitutional because the title to the act fails to give adequate notice that within the contents of the act there is a new tax placed upon "orphan premiums."

The Insurance Companies raise additional arguments which we now deem moot in light of our holding above.

Reversed.

DONOFRIO, J., and JACOBSON, P. J., Department C, concur.