667 P.2d 1304

STATE of Arizona, ex rel. Robert K. CORBIN, Attorney General, and the Arizona Corporation Commission, Petitioners,

v.

The Honorable Robert W. PICKRELL, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, and Cara E. Brock, aka Cara E. Thompson, a single person; Stephen H. Christian, aka Steven Cline, and Steve Clay and Steve Clay Cline, a single person; Barbara J. Schaer aka Barbara J. Miller, a single person; Russell B. Smith, III and Deborah Smith, husband and wife; Arizona Utah Colorado Development Corporation, an Arizona corporation; Double Eagle, Ltd., a British West Indies corporation; Ore Resources Development Enterprises, Ltd., an Oregon corporation; Llouvia Del Oro Mining Company; Llouvia Del Oro # 4 Mining Company, an Oregon corporation; Llouvia Del Oro Mining Company # 6; Llouvia Del Oro Mining Company # 14, a Utah corporation; Paramount Financial Consulting & Guarantee Co.; Financial Services & Guarantee Co.; Nquir Financials, Ltd.; Tax International Planning Systems Corporation, aka Tips, a Colorado corporation; and Limitax, real parties in interest, Respondents.

No. 16375–SA.

Supreme Court of Arizona, En Banc.

July 21, 1983.

As Amended Oct. 26, 1983.

Robert K. Corbin, Atty. Gen. by Patrick M. Murphy, Michael W. Sillyman, Colleen M. Parker, Asst. Attys. Gen., Phoenix, for petitioners.

Levy, Mason & Sherwood by Andrew R. Sherwood, Thomas L. Abram, Philip L. Latish, Phoenix, for respondent Schaer.

Harrison & Lerch by Stephen M. Dichter, Phoenix, and Kirby, Gillick, Schwartz & Tuohey by Mark H. Tuohey, III, Washington, D.C., for respondents Brock, Christian, Entities.

Lewis & Roca by Judith E. Sirkis, Walter Cheifetz, Phoenix, for respondent Smith.

A. Melvin McDonald, U.S. Atty., Phoenix, Stephen G. Udall, Apache County Atty., St. Johns, Beverly Jenney, Cochise County Atty., Bisbee, John Verkamp, Coconino County Atty., Flagstaff, Robert Duber, Gila County Atty., Globe, Jack Williams, Graham County Atty., Safford, William A. Coffeen, Greenlee County Atty., Clifton, Don Moon, La Paz County Atty., Parker, Thomas E. Collins, Maricopa County Atty., Phoenix, William J. Ekstrom, Jr., Mohave County Atty., Kingman, Jay V. Flake, Navajo County Atty., Holbrook, Stephen D. Neely, Pima County Atty., Tucson, Roy A. Mendoza, Pinal County Atty., Florence, Dennis T. Fenwick, Santa Cruz County Atty., Nogales, Charles R. Hastings, Yavapai County Atty., Prescott, David S. Ellsworth, Yuma County Atty., Yuma, amici curiae.

FELDMAN, Justice.

Petitioners bring this special action alleging that the trial judge abused his discretion in granting a motion to dismiss four counts of petitioners' complaint for failure to state a claim. Since there is no adequate remedy by appeal and the issues raised in this special action are of important public interest, *Engle Brothers, Inc. v. Superior Court,* 23 Ariz.App. 406, 407, 533 P.2d 714, 715 (1975), we accepted jurisdiction pursuant to Ariz. Const. art. 6, § 5(4).

Petitioners, the State of Arizona and Arizona Corporation Commission, brought an action against several individuals and business enterprises (respondents) based on illegal sales of securities. Petitioners' complaint alleged three claims for relief under the Arizona Securities Act based on the offer and sale of unregistered securities, § 44–1841; the offer and sale of securities

by unregistered dealers or salesmen, § 44–1842; and fraud in connection with the offer and sale of securities, § 44–1991. The securities sales also served as the basis for two counts alleging violations of the Arizona Consumer Fraud Act, §§ 44–1522 and 44–1531. The complaint also contained three counts based on violations of the Arizona Racketeering Act (RICO) alleging the use of fraudulent schemes and artifices to defraud, § 13–2310; control of an enterprise through racketeering, § 13–2312(A) and conducting an enterprise through racketeering, § 13–2312(B). Additionally, petitioners' complaint sought the involuntary dissolution of one corporation pursuant to § 10–094.

Respondents moved to dismiss the consumer fraud and RICO counts of the complaint. Respondents' motion to dismiss asserted that securities violations could not be the basis of consumer fraud violations. Respondents also argued that petitioners failed to state a claim under RICO since they did not allege a special "racketeering injury" distinct from the injury caused by the securities violation. The trial judge granted respondents' motion to dismiss and the State then filed this special action, alleging that the trial judge abused his discretion and exceeded his legal authority.

## THE CONSUMER FRAUD COUNTS

■ Respondents contend that the trial judge acted properly in dismissing the consumer fraud counts and argue that the dismissal was mandated by the opinion of the court of appeals in *People ex rel. Babbitt v. Green Acres Trust,* 127 Ariz. 160, 618 P.2d 1086 (App.1980). In *Green Acres Trust,* the court held that violations of the securities act could not be alleged as the basis for a cause of action under the consumer fraud act. The court based its holding on its determination that the legislature did not intend the consumer fraud act to provide cumulative remedies. The court noted that the securities act was a comprehensive regulatory scheme which already provided relief in the form of a "self-contained consumer fraud act in the specialized field of

securities." *Id.* at 165, 618 P.2d at 1091. The court stated that it could not accept the proposition that the legislature "by enactment of the Consumer Fraud Act, intended to provide an additional avenue of relief" to those aggrieved by securities act violations. *Id.* We note, however, that soon after the opinion in *Green Acres Trust,* the legislature amended the consumer fraud act to provide: "The provisions of this article are in addition to all other causes of action, remedies and penalties available to this state." A.R.S. § 44–1533(A) (Supp.1982–1983) (amended 1981 Ariz.Sess.Laws, Ch. 295, § 5). Thus, the holding in *Green Acres Trust* was stripped of its foundation and cannot be considered a correct interpretation of the amended consumer fraud act.

Respondents argue, however, that there is no legislative history indicating that the amendment was intended to overturn the *Green Acres Trust* decision. We note, though, that there is no legislative history to the contrary and that the timing of the amendment justifies an inference that the amendment was intended to reverse the effect of the decision in *Green Acres Trust.* Further, it is a basic tenet of statutory construction that where the statutory language is unambiguous, that language must ordinarily be regarded as conclusive, absent a clearly expressed legislative intent to the contrary. *United States v. Turkette,* 452 U.S. 576, 580; 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981); *Smith v. Pima County Law Enforcement Council,* 113 Ariz. 154, 157, 548 P.2d 1151, 1154 (1976); *Arizona State Board of Directors for Junior Colleges v. Phoenix Union High School District of Maricopa County,* 102 Ariz. 69, 71, 424 P.2d 819, 821 (1967).

We believe that the clear language of the amendment mandates the conclusion that the legislature intended the consumer fraud act to provide an additional avenue of relief to those aggrieved by securities act violations.

■ Respondents contend, however, that the amendment is unconstitutional because the bill amending the section did not satisfy

the requirements of Ariz. Const. art. 4, pt. 2, § 13, which provides as follows:

> Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title, but if any subject shall be embraced in an Act which shall not be expressed in the title, such Act shall be void only as to so much thereof as shall not be embraced in the title.

This provision has been interpreted to require that the title of a bill give notice of what is contained in the body of the act. *State v. Sutton,* 115 Ariz. 417, 419, 565 P.2d 1278, 1280 (1977). The test generally applied is that any provision having a natural connection with the title of the act is properly embraced in the act. *White v. Kaibab Road Improvement District,* 113 Ariz. 209, 211, 550 P.2d 80, 82 (1976). Where, however, "the title particularizes some of the changes to be made by amendment, the legislation is limited to the matters specified and anything beyond them is void, however germane it may be to the subject of the original act." *State v. Sutton,* 115 Ariz. at 419–20, 565 P.2d at 1280–81.

The bill amending § 44–1533 was titled:

> An Act relating to trade and commerce; prescribing consumer fraud investigatory authority of the attorney general; prescribing methods of service of demand or subpoena; providing for certain in camera hearings; *prescribing applicability of certain remedies and penalties;* prescribing uses of revolving fund; exempting certain monies in the fund from lapsing, and amending sections 44–1524, 44–1526, 44–1527, 44–1531.01 and 44–1533, Arizona Revised Statutes.

1981 Ariz.Sess.Laws, Ch. 295, at 990 (emphasis supplied).

 Respondents argue that the amendment establishes a new cause of action under the consumer fraud act—one based on the violation of the securities laws—and that the title does not give notice of this fact. We reject respondents' argument. The act was not amended to create a new cause of action, but, rather, to make the remedies available under the act cumulative to other legal remedies. The portion of the act proscribing unlawful practices was not changed. See A.R.S. § 44–1522. Although, as we held earlier, securities violations may now serve as the basis for consumer fraud claims, this is only an *effect* of the amendment providing for cumulative remedies. The title of the bill adequately specifies that it is the remedies portion of the act which is being amended in the language "prescribing the applicability of certain remedies and penalties."

Respondents argue, however, that the language quoted above does not refer to the amendment of § 44–1533, but, rather, to amendments of § 44–1527 enacted in the same legislation. Respondents reason that the title lists the subjects amended sequentially and that the reference to remedies and penalties occurs out of order, appearing in connection with other amendments to § 44–1527. An examination of the title, however, reveals that the order is not entirely sequential. Further, we have previously stated that Ariz. Const. art. 4, pt. 2, § 13 "should be interpreted liberally so as to uphold the constitutionality of an act if there is any legal basis for its validity." *State v. Sutton,* 115 Ariz. at 119, 565 P.2d at 1280. We believe that the language of the title under consideration made sufficient reference to the portion of the act dealing with the amendment to remedies and was sufficient to give notice as to the contents of the act.

 Finally, respondents argue that the consumer fraud counts were properly dismissed since the counts alleged violations dating back to 1980, prior to the effective date of the amendment. The general rule is that a statute will be given prospective operation only, absent a plain indication of intent that it operate retrospectively. *Stanley v. Stanley,* 112 Ariz. 282, 283, 541 P.2d 382, 383 (1975); *Employment Security Commission v. Arizona Citrus Growers,* 61 Ariz. 96, 105, 144 P.2d 682, 685 (1944). We find nothing to support a retrospective application of the amendment and agree, therefore, with respondents' position that

the consumer fraud counts can be based only on activities subsequent to the effective date of the amendment, July 25, 1981.

■ This defect in the pleading, however, is not sufficient to support a motion to dismiss. "Motions to dismiss for failure to state a claim are not favored under Arizona law," *Maldonado v. Southern Pacific Transportation Company,* 129 Ariz. 165, 167, 629 P.2d 1001, 1003 (App.1981), and should not be granted "unless it appears certain that the plaintiff would not be entitled to relief under any state of facts susceptible of proof under the claim stated." *Sun World Corp. v. Pennysaver, Inc.,* 130 Ariz. 585, 586, 637 P.2d 1088, 1089 (App.1981); *Chirco Construction Co. v. Stewart Title & Trust of Tucson,* 129 Ariz. 187, 188, 629 P.2d 1023, 1024 (App.1981). Although the plaintiff may not be entitled to the particular relief prayed for or all the relief prayed for, a motion to dismiss should be denied if it appears that other pretrial procedures will cure the defective pleading. *Folk v. City of Phoenix,* 27 Ariz.App. 146, 151, 551 P.2d 595, 600 (1976); *see also* 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1357, at 599, 602 (1969).

■ Although the petitioners' complaint alleged that respondents' activities began in 1980, petitioners further alleged that the activities continued through July 1, 1982, the time at which the complaint was filed. If the facts stated are proved, it is clear that petitioners are entitled to relief for the activities committed from July 25, 1981 through July 1, 1982. The court therefore abused its discretion in granting respondents' motion to dismiss the consumer fraud counts.

## THE RICO COUNTS

Respondents argue that the judge acted properly in dismissing the RICO counts of the complaint. The counts failed to state a claim under RICO, respondents argue, because it was not alleged that anyone suffered a "racketeering injury" distinguishable from the injury claimed as a result of the securities violations. The thrust of respondents' argument is that the legislature intended the harsh civil remedies available under RICO to be used as a tool to fight racketeering, not to provide additional remedies for those aggrieved by securities violations.

■ Our analysis of this issue must begin with a consideration of the statute. The language of a statute "[is] the most reliable evidence of its intent," *United States v. Turkette,* 452 U.S. at 593, 101 S.Ct. at 2533, and in the absence of "a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive." *Id.* at 580, 101 S.Ct. at 2527, *quoting Consumer Product Safety Commission v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). We are mindful, however, that "statutes are not to be interpreted woodenly and without regard to their aim . . . ." *Schacht v. Brown,* 711 F.2d 1343, 1356 (7th Cir.1983) (1983).

A.R.S. § 13–2314(A) provides:

A person who sustains injury to his person, business or property by racketeering as defined by § 13–2301, sub-section D, paragraph 4 or by a violation [of] § 13–2312 may file an action in superior court for the recovery of treble damages and the costs of the suit, including reasonable attorney's fees. The state may file an action in behalf of those persons injured . . . .

Racketeering is defined in A.R.S. § 13–2301(D)(4) as:

*[A]ny act,* including any preparatory or completed offense, *committed for financial gain, which is chargeable* or indictable under the laws of the state in which the act occurred and, if the act occurred in a state other than this state, would be chargeable or indictable under the laws of this state had the act occurred in this state *and punishable by imprisonment for more than one year,* regardless of whether such act is charged or indicted, involving:

. . . .

(r) Fraud in the purchase or sale of securities.

(s) Sale of unregistered securities or real property securities and transactions involving such securities by unregistered dealers or salesmen.

(t) A scheme or artifice to defraud. (Emphasis supplied.) Relief is also available under § 13–2314(A) to those who are injured by a violation of § 13–2312, which reads:

A. A person commits illegal control of an enterprise if such person, through racketeering or its proceeds, acquires or maintains, by investment or otherwise, control of any enterprise.

B. A person commits illegally conducting an enterprise if such person is employed or associated with any enterprise and conducts or participates in the conduct of such enterprise's affairs through racketeering.

The plain language of the statute therefore does not require that the plaintiff have suffered any special "racketeering injury" as opposed to the injury arising out of the predicate offense. Thus, for example, a plaintiff seeking relief for a violation of § 13–2301(D)(4)(s) need only allege that he has been injured by the defendant's sale of unregistered securities and that defendant's act was (1) committed for financial gain, and (2) was chargeable and punishable by imprisonment for more than one year. A plaintiff seeking relief for a violation of § 13–2312 need only allege that he has been injured by the defendant's control or conduct of an enterprise by racketeering.[1] Respondents, however, cite several cases which have interpreted the federal RICO act (18 U.S.C. §§ 1961–1968) as requiring a special "racketeering injury" in the absence of any such language in the statute. Respondents argue that since the Arizona statute was patterned after the federal statute, these cases are instructive as to the legislative intent that relief be available only to those alleging some special circumstance to distinguish a "racketeering injury" from injury caused by an ordinary securities violation. We are not persuaded by these cases for several reasons.

First, we note that the many federal courts which have interpreted RICO based on legislative intent have reached many different results. *Compare Harper v. New Japan Securities International, Inc.,* 545 F.Supp. 1002 (C.D.Cal.1982), *and Van Schaick v. Church of Scientology of California, Inc.,* 535 F.Supp. 1125 (D.Mass.1982) *with Schact v. Brown, supra; Crocker National Bank v. Rockwell International Corp.,* 555 F.Supp. 47 (N.D.Cal.1982); *and Mauriber v. Shearson/American Express, Inc.,* 546 F.Supp. 391 (S.D.N.Y.1982).

Second, the significant differences between the Arizona and federal RICO statutes make the application of a special injury requirement in Arizona inappropriate. As discussed above, A.R.S. § 13–2314(A) provides a cause of action for injuries sustained by racketeering. The federal statute contains no comparable cause of action and is more restrictive in scope. Under 18 U.S.C. § 1964, a cause of action is available only to those who are injured in their business or property by reason of a defendant's use of proceeds from racketeering to acquire an interest in an enterprise, or a defendant's control or conduct of an enterprise through a pattern of racketeering. 18 U.S.C. § 1962. There is no cause of action for one injured directly by racketeering. There is, therefore, more room for debate under the federal statute that RICO was not intended to provide treble damages to a plaintiff whose only injury was sustained by the predicate racketeering offense.

Third, while A.R.S. §§ 13–2314(A) and 13–2312 provide for a cause of action similar to 18 U.S.C. § 1964, the federal cases which have construed that section to require a special injury are based on concerns not applicable to the Arizona legislature.

1. The racketeering statute, A.R.S. § 13–2301(D)(4), provides a civil remedy to those directly injured by the prohibited act which constitutes racketeering, while the control or conduct provisions provide a civil remedy to those directly or indirectly injured by acts of the defendant which are accomplished through defendant's racketeering.

One reason the federal courts have restricted the application of RICO is a fear that a literal application of the statute "would escort into federal court through RICO what traditionally have been civil actions pursued in state courts." *Van Schaick,* 535 F.Supp. at 1136. We are not limited by such federalist concerns. More important, many of the courts requiring a special racketeering injury rely on a finding that there is no evidence that Congress intended RICO to "pre-empt or supplement the remedies already provided by those statutes which define a predicate RICO offense." *Harper v. New Japan Securities,* 545 F.Supp. at 1008; *Johnsen v. Rogers,* 551 F.Supp. 281, 285 (C.D.Cal.1982); *Van Schaick,* 535 F.Supp. at 1137; *Adair v. Hunt International Resources Corp.,* 526 F.Supp. 736, 747 (N.D.Ill.1981). The Arizona RICO statute, however, *expressly* provides that:

> A civil action brought under this section is remedial and does not limit any other civil or criminal action under this article or any other provision.

A.R.S. § 13–2314(M). Thus, it is clear from a reading of the statute that the Arizona legislature intended RICO to be a cumulative remedy.

Fourth, our examination of the sparse Arizona legislative history reveals no legislative intent that a special racketeering injury must be alleged. It appears, rather, that the legislature intended RICO to be a tool in combating the serious problems of white collar crime and in protecting its victims, such as the securities investor. The legislature was aware of the differences between the Arizona and federal versions of RICO and felt these differences were necessary because of the different concerns at state and federal levels. The legislature deliberately chose to create a civil cause of action predicated only upon proof of the three elements discussed above. Hearings on H.B. 2212 before the Senate Committee on Judiciary, 33rd Legislature, 2d Regular Session (May 8, 1978); Hearings on H.B. 2212 before the House of Representatives Committee on Government Operations, 33rd Legislature, 2d Regular Session (March 15, 1978); Hearings on H.B. 2212 before the House of Representatives Committee on Judiciary, 33rd Legislature, 2d Regular Session (February 6, 1978).

Finally, we are cognizant of the criticism which has been directed at this legislation and share the apprehension of the potential for abuse in a statute which sweeps so broadly. However, we also note that, contrary to respondents' arguments, it is not just any one of the enumerated acts that gives rise to additional remedies under the RICO statute; it is only when the predicate act (whether it be gambling, sale of securities, fraud or any other of the enumerated acts) rises to the level of a serious criminal offense [2] that the RICO statutes are applicable and allow a plaintiff the recovery of damages which are punitive in nature. It seems, therefore, that the legislature intended to "provide civil remedies for an enormous variety of conduct, balancing the need to redress a broad social ill against the virtues of tight, but possibly overly astringent, legislative draftsmanship." *Schacht v. Brown,* 711 F.2d at 1354. All that is involved in this case is the question of legislative intent, which we believe is clear from the statute. Defendant raises neither the issue of whether the legislature has the power to enact such civil penalties in addition to the criminal penalties already provided by statute for the commission of such acts nor the question of the legislature's power to provide the drastic procedural remedies contained in the act, and we do not address these issues.

We hold, therefore, that a complaint is sufficient to state a cause of action under A.R.S. § 13–2314(A) when it alleges that a plaintiff has suffered damage or injury as the result of racketeering and further alleges that the act which caused the injury was performed for financial gain, was one of the illegal acts enumerated in

---

**2.** In Arizona, the only crimes punishable by imprisonment for more than one year are felonies and class 1 second offense misdemeanors.

the statute, and was chargeable and punishable in accordance with the requirements of the statute. We hold further that a complaint is sufficient to allege a cause of action under A.R.S. § 13–2312 when it alleges that the injury was caused by defendant's illegal control or conduct of an enterprise by or through racketeering. The complaint in the case at bench alleged petitioners were defrauded in the purchase of securities in a venture which was part of an elaborate scheme of enterprises controlled by the respondents and sustained through the proceeds of the illegal securities sales. The complaint, therefore, is sufficient to sustain a cause of action under RICO.

Additionally, respondents argue that the Arizona Attorney General is without authority to bring this action on behalf of non-residents of Arizona. Respondents direct our attention to Ariz. Const. art. 5, § 9, which provides that "[t]he powers and duties of ... Attorney-General ... shall be prescribed by law," and cite cases which have interpreted this provision to restrict the powers of the Attorney General to what is found "either expressly or by reasonable intendment in the statutory law." *Westover v. State,* 66 Ariz. 145, 150, 185 P.2d 315, 318 (1947). Respondents argue that § 13–2314(A) does not authorize the Attorney General to redress wrongs committed against non-residents of the state. We are not persuaded by this restrictive reading of the statute.

A.R.S. § 13–2314(A) authorizes *any* person injured by racketeering to bring an action in the superior court. Thus, residents and non-residents alike are authorized to bring an action. The statute next provides that "[t]he state may file an action in behalf of those persons injured ...." Thus, nowhere in the statute is the power of the state restricted to protecting only residents of the state.

Indeed, it would appear that the state has a legitimate interest in redressing the wrongs committed from within Arizona. There is a moral imperative to provide redress for those injured. Further, when out-of-state investors are swindled by Arizona enterprises, the reputations and businesses of the majority of honest business people within the state are harmed. That this state is willing to provide aid in redressing these wrongs is evidence that the state is serious in its fight to eradicate organized crime. This evidence may instill confidence in non-residents seeking to invest in the legitimate businesses of this state. We find, therefore, that the Attorney General acted within his power to bring this action.

We conclude that the consumer fraud and RICO counts of the complaint stated claims upon which relief could be granted. The trial court therefore exceeded its authority in dismissing the counts. The prayer for relief is granted.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.