148

859 P.2d 771

STATE of Arizona ex rel. Grant WOODS, Attorney General, Plaintiff/Appellee/Cross–Appellant,

v.

Ronald T. SGRILLO and Barbara Jean Sgrillo, also known as Bobbie Sgrillo, husband and wife, Jam Marketing, Inc., a corporation or purported corporation, individually and doing business as Baron Financial Group, Baron Financial Services, Baron Financial Systems, International Credit Card Services, Premier Credit Card Services, and Premier Group; and Valley National Bank of Arizona, Defendants/Appellants/Cross–Appellees.

No. 2 CA–CV 93–0176.

Court of Appeals of Arizona, Division 2, Department A.

Aug. 26, 1993.

Grant Woods, Atty. Gen. by H. Leslie Hall and John W. Wall, Phoenix, for plaintiff, appellee, cross-appellant.

Jones, Skelton & Hochuli by Booker T. Evans, Jr., Phoenix, for defendants, appellants, cross-appellees.

OPINION

LIVERMORE, Presiding Judge.

The state alleged that defendants Ronald and Barbara Sgrillo violated the Credit Services Organization Act (CSOA), A.R.S. §§ 44–1701–1712, and the Consumer Fraud Act (CFA), A.R.S. §§ 44–1521–1534, by their conduct through various entities in selling information about low interest credit cards. On cross-motions for summary judgment, the trial court found that all the conduct violated the CSOA and that a portion of it violated the CFA. The remainder, it ruled, did not violate the CFA. Judgment was entered accordingly with remedial injunctive relief, civil penalties of $2,038,000, and a substantial award of attorneys' fees and costs. The Sgrillos appeal the applications of the statutes. The state cross-appeals the adverse summary judgment on the CFA and the scope of the remedy granted. We affirm in part and reverse in part.

■ While admitting that their conduct would violate the CSOA, defendants con-

tend that it does not because all victims were non-residents of Arizona victimized only by use of mail and telephone. This novel criminal immunity is derived from a portion of the statement of purposes of the CSOA contained in Laws 1988, Ch. 350, § 1, saying that "the people of this state" have been harmed by the practices now proscribed. Of course, our legislature was motivated in large part by the harm caused Arizona residents. How that can lead to the conclusion that the legislature intended to allow Arizona residents to engage in criminal conduct against non-residents escapes us. The best protection of our residents is in eliminating criminal conduct entirely not in limiting it to non-residents. Accordingly, we conclude that the CSOA applies to conduct within the state directed at those without it. See *State ex rel. Corbin v. Pickrell*, 136 Ariz. 589, 667 P.2d 1304 (1983) (RICO); *State ex rel. Corbin v. Goodrich*, 151 Ariz. 118, 726 P.2d 215 (App. 1986) (CFA).

■ Defendants' second argument on appeal, that what they sold is not "merchandise" within the meaning of the CFA, is equally unavailing. A.R.S. § 44–1521(5) reads: " 'Merchandise' means any objects, wares, goods, commodities, intangibles, real estate, or services." Given the breadth of this definition, the argument that the sale of information is not covered cannot be sustained. A book or magazine, containing information, would fit within the definition. So, too, would the packet of information sent by those for whom defendants acted. Defendants seek to avoid this conclusion by arguing that their acts were in aid of a sale by another entity. This is of no assistance because A.R.S. § 44–1522 forbids deceptive acts "in connection with the sale" of any merchandise regardless of whether the deceiver is the seller. If the acts of defendants in purporting to put consumers in a position to acquire low interest credit cards is not the sale of an object, ware, or good within the meaning of A.R.S. § 44–1521(5), it surely is the sale of a "service" and thus would still be covered. The broadly remedial purposes of the CFA should not be defeated by niggling distinctions unrelated to the protection of consumers by the elimination of fraud. *Villegas v. Transamerica Financial Services, Inc.*, 147 Ariz. 100, 708 P.2d 781 (App.1985).

We deal summarily with the state's cross-appeal. We have examined the evidence to which the state has directed us, and the existence of which is not disputed by defendants, and find it sufficient to preclude summary judgment under the CFA. The state's claim for additional remedies can be pursued in connection with the trial of those claims. Because we have not been furnished a transcript of the hearing on remedies, we cannot find an abuse of discretion in the remedies ordered. We note that the civil penalties ordered will have the substantial deterrent effect which the state claims would be provided by the additional remedies it seeks.

Summary judgment in favor of defendants on the consumer fraud claims is reversed. In all other respects the judgment is affirmed. The state is awarded a portion of its attorneys' fees on appeal under A.R.S. § 44–1534 in an amount to be determined upon filing the statement required by Rule 21, Ariz.R.Civ.App. 1, 17B A.R.S.

LACAGNINA and FERNANDEZ, JJ., concur.