698 P.2d 225

**STATE of Arizona ex rel. Robert K. CORBIN, the Attorney General, Plaintiff-Appellee,**

v.

**Larry K. HOVATTER, Defendant-Appellant.**

**No. 1 CA–CIV 7850.**

Court of Appeals of Arizona, Division 1, Department A.

April 4, 1985.

Robert K. Corbin, Atty. Gen. by Patrick M. Murphy, Chief Counsel, Financial Fraud Div., Frank L. Murray and Eileen W. Hollowell, Asst. Attys. Gen., Phoenix, for plaintiff-appellee.

H. Allen Gerhardt, Jr., Mesa, for defendant-appellant.

OPINION

CORCORAN, Judge.

The sole issue in this case is whether a complaint alleging violations of the Arizona Consumer Fraud Act, A.R.S. § 44–1521, *et seq.* and the Arizona Racketeering Act, A.R.S. § 13–2301, *et seq.* requires the appointment of counsel for an indigent defendant. We hold that there is no due process right to appointed counsel in civil actions under either of these acts.

In 1980, the State of Arizona filed a civil complaint alleging that Larry Hovatter and others engaged in a scheme whereby they

defrauded buyers and sellers of precious metals of their money and goods. In its complaint, the state sought injunctive relief enjoining the defendants from continuing their activities and restoring the victims to their original position. In addition, the state sought a civil penalty of $5,000 per violation of A.R.S. § 44–1522, treble damages to all persons injured by their acts, and attorney's fees incurred by the state in prosecuting and investigating the acts of the defendants. Summary judgment was entered in favor of the state and a final judgment of $3,679,977.08 pursuant to A.R.S. § 13–2314(D) and $505,000 pursuant to A.R.S. § 44–1531 was entered against Hovatter. While initially represented by counsel, Hovatter requested that the trial court permit privately retained counsel to withdraw. The trial court granted the motion, but Hovatter later requested that an attorney be appointed to represent him claiming that he could not "afford to hire an attorney." The trial court refused to appoint counsel. Consequently, Hovatter was not represented through the subsequent proceedings although an attorney appeared at the hearing at which the judgment was entered.

■ A due process analysis begins from the presumption that an indigent's right to appointed counsel is recognized only where the litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Department of Soc. Serv.*, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981). The presumption is weighed against the three elements set out in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18, 33 (1976): the nature of the private interests at stake, the interest of the state, and the risk that the procedures used will lead to erroneous decisions. *See also Maricopa County Juvenile Action JD–561*, 131 Ariz. 25, 638 P.2d 692 (1981). Each of these elements, individually weighed, are then set against the presumption. Unless the individual's interests are strong, the state's interests weak, and the risk of error high, it cannot be said that due process requires the appointment of counsel. *Lassiter*, 452

U.S. at 32, 101 S.Ct. at 2162, 68 L.Ed.2d at 652.

It is self-evident that defendants have significant financial interest in these proceedings. They are liable for actual losses incurred by the victims, treble damages, and civil penalties. A.R.S. §§ 13–2314 and 44–1531. The first two sources of damages are analogous to compensatory and punitive awards under a tort theory. *Eg. Puz v. McDonald*, 140 Ariz. 77, 680 P.2d 213 (App.1984). While it is conceivable that a civil penalty could be so high as to constitute an overriding personal interest, we cannot say that a maximum penalty of $5,000 per violation reaches that level. We have been cited to no authority, nor have we found any precedent which requires appointment of counsel where a civil penalty may be imposed.

A defendant's personal interests will also be considered in light of other means by which he may obtain representation. For instance, federal law provides that the court may waive costs and appoint an attorney to represent an indigent civil litigant. 28 U.S.C. § 1915. While Arizona does not have a similar provision, a defendant who prevails in a civil action initiated by the state (with a number of exceptions including proceedings brought pursuant to A.R.S. § 13–101 et seq.) may recover attorney's fees and other expenses incurred in the suit. A.R.S. § 12–348.

■ The state has an interest in protecting the welfare of its consumers and the Consumer Fraud Act is designed to root out and eliminate unlawful practices in merchant-consumer transactions. *See People ex rel. Babbitt v. Green Acres Trust*, 127 Ariz. 160, 618 P.2d 1086 (App.1980). Similarly, the Racketeering Act provides broad protection and civil remedies against racketeering injuries. *State ex rel. Corbin v. Pickrell*, 136 Ariz. 589, 596, 667 P.2d 1304, 1311 (1983). These are significant interests.

The final element, concerning the risk of erroneous determination, is not a significant factor. Unlike parental termination hearings or involuntary commitment pro-

ceedings, where the defendants must contend with expert medical and psychiatric testimony, defendants prosecuted under fraud or racketeering acts are confronted with allegations regarding their behavior. The elements of fraud and racketeering are not so technical that an adult could not reasonably understand and defend against such allegations.

We do not find that any of the *Eldridge* factors, when weighed against the presumption that there is no right to appointed counsel in the absence of at least a potential deprivation of physical liberty, are sufficient to overcome that presumption. The trial court did not violate the United States or Arizona Constitutions in failing to appoint counsel for appellant.

The state requests attorney's fees pursuant to rule 25, Arizona Rules of Civil Appellate Procedure, alleging that Hovatter's arguments are without merit or legal foundation and that the appeal is taken solely for delay. It appears to us that the appeal is not frivolous, and the state has not informed us of any delay occasioned by the appeal. The request for attorney's fees is denied.

The judgment of the trial court is affirmed.

FROEB and OGG, JJ., concur.