779 P.2d 812

**LIGHTNING "A" RANCH VENTURE, an Arizona joint venture; Castlerock Ranch Venture, an Arizona joint venture; and L.B. Nelson Corporation of Tucson, a California corporation, Plaintiffs/Counterdefendants/Appellants/Cross–Appellees,**

v.

**Ronald R. TANKERSLEY and Jay Lynn Tankersley, husband and wife; May/Tankersley/McKay Joint Venture, an Arizona joint venture; May/Tankersley Joint Venture, an Arizona joint venture; Roland May and Ann May, husband and wife; the Estate of David J. McKay; and Pioneer Trust Company of Arizona, an Arizona corporation, Defendants/Counterclaimants/Appellees/Cross–Appellants.**

No. 2 CA–CV 88–0139.

Court of Appeals of Arizona, Division 2, Department B.

Sept. 6, 1989.

Winston & Strawn by Daniel D. Maynard, Phoenix, for plaintiffs/counterdefendants/appellants/cross-appellees.

Molloy, Jones & Donahue, P.C. by Michael J. Meehan and Eileen W. Hollowell,

**498**

Tucson, for defendants/counterclaimants/appellees/cross-appellants.

Jones, Edwards, Smith & Kofron, P.C. by William W. Edwards, Tucson, for defendant/appellee, Pioneer Trust Co.

## OPINION

**FERNANDEZ, Chief Judge.**

This appeal is a continuation of numerous disputes that resulted from two joint venture agreements to develop a real estate project. We have no jurisdiction to consider the appeal issues and find no reversible error in the cross-appeal.

In 1978, appellant L.B. Nelson Corporation of Tucson (Nelson) entered into the Lightning "A" Ranch Venture with appellee May/Tankersley/McKay Joint Venture and the Castlerock Ranch Venture with appellee May/Tankersley Joint Venture. Those joint ventures were composed of appellees Ronald and Jay Lynn Tankersley, Roland and Ann May and David McKay. Appellees will be referred to as Tankersley. Title to the property for the project, known as the Lakes at Castlerock, was held by appellee Pioneer Trust Company of Arizona. The comprehensive joint venture agreements have virtually identical provisions concerning Tankersley's contribution of the property, Nelson's obligation to manage and develop the property and to serve as general contractor and provisions for defaults and remedies.

The land was put into the joint ventures by the Tankersley appellees, subject to a mortgage that was Nelson's obligation. In September 1981, Nelson obtained construction financing from Walter E. Heller Western, Inc. for the site development and construction of six model homes. The loan was secured by a first deed of trust and was guaranteed by Nelson. In March 1982, Nelson obtained a construction loan from Seafirst Mortgage Corporation to construct seven production homes. In September 1982, Seafirst extended an additional loan as permanent takeout financing for the six model homes, the proceeds of which were paid to Heller to reduce its outstanding loan.

Nelson defaulted on both Seafirst loans. Nelson also defaulted on the Heller loan, and Heller filed suit to foreclose its construction mortgage on the property. Other suits were filed by materialmen and subcontractors on the project. In January 1983, Tankersley notified Pioneer that they were terminating the joint ventures because of breaches of the agreements. Pioneer then reconveyed the property to Tankersley at Tankersley's request.

Nelson then filed a seven-count complaint in this action for breach of contract, fraud, racketeering, constructive trust, injunctive relief, breach of fiduciary duty and conversion. Tankersley filed a four-count counterclaim, alleging that Nelson had materially breached the joint venture agreements and seeking dissolution of the joint ventures, injunctive relief and an accounting. In June 1984 the trial court found that Nelson was in default on both Seafirst loans and the joint venture agreements. In December 1984 the court granted sweeping sanctions against Nelson because of its failure to comply with discovery orders. Tankersley then filed a motion for summary judgment on count three of the counterclaim. The motion was granted, and the judgment for Tankersley, entered May 28, 1985, found that Nelson had breached both joint venture agreements and that the Tankersley appellees were non-breaching co-venturers entitled to wind up both joint ventures. This court affirmed the imposition of the discovery sanctions and the partial summary judgment in a memorandum decision filed in June 1986.

The judgment established the dissolution date of the joint ventures as January 28, 1983. The agreements provide that the non-defaulting party may elect to terminate the joint ventures and purchase the defaulting party's interest in the joint ventures for an amount equal to that party's capital account at the time of default. Capital contributions are defined in the agreements.

After a six-day trial, the court found that the amount of Nelson's capital account at the date of breach was $505,182. Tankersley then moved for additional findings to

reduce that amount to $301,129. That motion was granted. Later, Tankersley's and Pioneer's motion for summary judgment on all remaining aspects of the case was granted.

Nelson's five contentions on appeal deal with claimed errors involving the computation of the capital account, the attorney's fee award and the granting of summary judgment. Tankersley contends we have no jurisdiction to hear Nelson's appeal and that we should determine only the cross-appeal. We agree.

## JURISDICTION OF APPEAL

On August 12, 1987, a judgment was entered determining that Nelson's capital account was $301,109. On September 8, Nelson moved for relief from the judgment pursuant to Rule 60, Ariz.R.Civ.P., 16 A.R.S. On September 10, Nelson filed a notice of appeal. After a hearing, the court ruled on September 16 that it probably had made an error in the case but it lacked jurisdiction to correct the error because the notice of appeal had been filed. The court suggested that counsel obtain leave from the appellate court in order for the trial court to consider the issue. On September 30, Tankersley filed a notice of cross-appeal and posted a bond for costs.

Nelson then filed a motion to dismiss the appeal pursuant to Rule 26(a), Ariz.R.Civ. App.P., 17B A.R.S., on October 1, 1987. Nelson also sought entry of an amended judgment. After a telephonic hearing on October 20, the court ordered the appeal dismissed and granted the motion to amend the judgment.

Tankersley then moved to vacate the amended judgment. That motion was granted on November 18. Another judgment was entered on January 5, 1988. Nelson filed a notice of appeal from that judgment on February 4, 1988, and Tankersley filed a notice of cross-appeal on February 18.

Tankersley contends on appeal that the trial court's judgments entered in October 1987 and January 1988 are invalid because the court had no jurisdiction to enter them. Tankersley points out that, although Nel-son's first appeal was dismissed in October 1987, Tankersley's cross-appeal was not. Tankersley did not oppose Nelson's motion to dismiss its appeal but did not request that its cross-appeal be dismissed. The court's minute entry dismissed only the appeal; it did not mention the cross-appeal.

■ A trial court loses jurisdiction of a case while an appeal is pending, except with regard to matters in furtherance of the appeal. *Burkhardt v. Burkhardt,* 109 Ariz. 419, 510 P.2d 735 (1973); *Whitfield Transportation, Inc. v. Brooks,* 81 Ariz. 136, 302 P.2d 526 (1956). A trial court has no power to enter a new judgment related to the subject matter of a judgment pending on appeal. *Trebilcox v. Brown & Bain, P.A.,* 133 Ariz. 588, 653 P.2d 45 (App.1982), disapproved on other grounds, *Barmat v. John & Jane Doe Partners A–D,* 155 Ariz. 519, 747 P.2d 1218 (1987).

■ Nelson argues that Tankersley cannot now raise the issue of jurisdiction because it did not raise it when Nelson filed its subsequent motion to amend the judgment and because Tankersley participated in those subsequent proceedings. Lack of subject matter jurisdiction, however, cannot be waived. *Dassinger v. Oden,* 124 Ariz. 551, 606 P.2d 41 (App.1979).

■ Nelson also argues that it correctly filed a motion to dismiss the appeal pursuant to Rule 26(a), Ariz.R.Civ.App.P., 17B A.R.S., and *Budreau v. Budreau,* 134 Ariz. 539, 658 P.2d 192 (App.1982). We agree that it did. Rule 26(a) provides:

If an appeal has not been docketed, the appeal may be dismissed by the superior court upon stipulation, or upon motion by the party taking the appeal.

Only the notices of appeal and cross-appeal had been filed, and the case had not yet been docketed in this court. Therefore, Nelson properly sought dismissal of its appeal in superior court.

Nelson's fatal flaw, however, is that it sought dismissal only of the appeal and did not address the cross-appeal. It should either have obtained Tankersley's stipulation to have the cross-appeal dismissed as

well or asked Tankersley to dismiss its cross-appeal so Nelson could properly seek an amended judgment. Without either of the above occurring, the cross-appeal of the August 12, 1987 judgment remained pending, and the trial court had no jurisdiction to enter a subsequent judgment.

■ The trial court later acknowledged the effect of the filing of a notice of cross-appeal on its jurisdiction. After Nelson filed its notice of appeal to the January 5, 1988 judgment, it moved in March to dismiss the appeal and to again amend the judgment. That motion was denied, the court noting it lacked jurisdiction to rule on the motion because Tankersley had filed a second notice of cross-appeal. Although the court was incorrect in its belief that it lacked jurisdiction to dismiss the appeal, the court *was* correct that the pending cross-appeal prohibited Nelson from achieving the result it desired.

We also find no merit to Nelson's contention that the trial court retained jurisdiction because the cross-appeal was never docketed. The filing of the notice is the only step required for a valid appeal. Rule 8(a), Ariz.R.Civ.App.P., 17B A.R.S. As a result, the August 12, 1987 judgment remains unaffected by the subsequent orders and judgments, and we have no jurisdiction to consider Nelson's appeal.

## CROSS–APPEAL

■ On cross-appeal, Tankersley contends the trial court erred in fixing the amount of Nelson's capital account without requiring an audit because the joint venture agreements provide that Tankersley is entitled to an audit of the capital account upon request. Tankersley contends that the court should have accepted its expert witness's opinion that the capital account had a negative balance at the time of the breach. We disagree. Although the agreements do provide that either party may request an audit, those agreements were breached in January 1983, and Tankersley has since availed itself of a number of the remedies provided for in the event of a default. The audit provisions are not part of the remedies section but are included in the contract performance portions. Therefore, we find no error in the court's determination of the capital account amount after it heard the testimony of accountants for both sides.

■ Tankersley's second contention is that the court erred in including an "interest buydown" expense of $55,925 in the capital account figure. The interest buydown was a payment by Nelson to Seafirst for its commitment that home purchasers would be able to finance at beneficial mortgage rates. It was not a payment of interest or points on any of the financing of the project by the joint ventures. Tankersley contends the amount should not have been included because the joint venture agreements provided that promotional expenses would not be considered a cost of the project. Rather than being a promotional expense, however, we find that the amount is a proper expense under either of two provisions for reimbursable costs in the agreements: "Payment of all other expenses reasonably necessary to accomplish the purposes of the joint venture ...," and "Deposits, permits, fees, licenses, tests, and royalties." We find evidence sufficient to support the trial court's finding.

Appellees will be awarded attorney's fees on appeal upon compliance with Rule 21(c), Ariz.R.Civ.App.P., 17B A.R.S.

Affirmed.

ROLL, P.J., and LACAGNINA, J., concur.